STATE of Wisconsin, Plaintiff-Respondent,†

v.

Michael J. PARENT, Defendant-Appellant.

Supreme Court

No. 2005AP661–CRNM. *Oral argument October 11, 2006.
—Decided December 21, 2006.*

2006 WI 132

(Also reported in 725 N.W.2d 915.)

† Motion for reconsideration denied on January 24, 2004.

For the defendant-appellant there were briefs and oral argument by *William E. Schmaal,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *Gregory M. Weber,* with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

An amicus curiae brief was filed by *Meredith J. Ross* and *William E. Rosales,* Madison, on behalf of the Frank J. Remington Center, University of Wisconsin Law School, and there was oral argument by *Meredith J. Ross.*

¶ 1. LOUIS B. BUTLER, JR., J. This case is before the court on certification by the court of appeals,

pursuant to Wis. Stat. § (Rule) 809.61 (2003–04).[1] Michael J. Parent (Parent) appeals from a circuit court order denying his request for a copy of his presentence investigation (PSI) report. Parent requests a copy of the PSI report for purposes of a no-merit appeal[2] of his judgment of conviction for one count of felony escape, contrary to Wis. Stat. § 946.42(3)(a), and two counts of felony theft, contrary to Wis. Stat. § 943.20.

¶ 2. In October 2005, we vacated an order of the court of appeals rejecting a motion of Parent that requested a copy of the PSI report, and remanded the matter to the court of appeals to determine whether the circuit court erroneously exercised its discretion in denying the defendant's request. Subsequently, the court of appeals certified the case to this court to address the procedure and factors to be considered when deciding whether a defendant should receive a copy of a PSI report to facilitate his or her response to a no-merit report, and to decide whether motions filed by the State of Wisconsin (State) seeking access to a PSI report and disclosure of its contents in the State's brief should be filed in the court of appeals or in the circuit court.

¶ 3. The parties cast their dispute as a conflict between two statutes: Wis. Stat. § (Rule) 809.32(1)(d), which provides that appointed appellate counsel who files a no-merit report in the defendant's appeal must serve a copy of the record on the defendant, and Wis. Stat. § 972.15(4), which provided generally that PSI

---

[1] All references are to the 2003–04 version of the statutes unless otherwise noted.

[2] Defendant-appellant, Michael J. Parent, has appealed to the court of appeals pursuant to Wis. Stat. § (Rule) 809.32 and *Anders v. California,* 386 U.S. 738 (1967).

reports are confidential and may be disclosed only upon authorization of the circuit court.

¶ 4.    Subsequent to our October 2005 remand to the court of appeals, the legislature changed the confidentiality provisions of Wis. Stat. § 972.15 by amending subsection (4) and creating subsection (4m) to § 972.15. 2005 Wis. Act 311, §§ 1 and 2 (effective April 21, 2006). This change provides that an unrepresented defendant may have personal access to the PSI report after sentencing without court authorization. It further provides that an unrepresented defendant may not possess a copy of the PSI report and must keep its contents confidential.

¶ 5.    We now vacate the circuit court's order denying Parent's request for a copy of the PSI report and remand this matter to the circuit court to apply the most recent version of Wis. Stat. § 972.15 (2005–06). We conclude that, under the newly created § 972.15(4m), Parent is entitled to a meaningful viewing of the PSI report, but may not retain a copy of it. However, this right is subject to the requirement that the defendant keep the information in the report confidential, and the circuit court's prerogative to redact any identifying information of persons who provided information for the report. Finally, we conclude that the attorney general is often the State's successor to the district attorney for purposes of § 972.15, and that under § 972.15(4) and (4m), the attorney general must make its request to obtain a copy of the PSI report and disclose its contents in the State's brief after sentencing with the circuit court.

I

¶ 6.    On December 11, 2003, a seven-count criminal complaint was filed in Eau Claire County Circuit

71

Court against Parent, alleging five counts of felony theft, contrary to Wis. Stat. § 943.20(1)(a) and (3)(c); one count of misdemeanor theft, contrary to § 943.20(1)(a) and (3)(a); and one count of obstructing an officer, contrary to Wis. Stat. § 946.41(1), all as an habitual offender pursuant to Wis. Stat. § 939.62. The complaint was later amended to consolidate a charge filed in Oneida County of one count of felony escape, contrary to Wis. Stat. § 946.42(3)(a).

¶ 7. Parent reached a plea agreement with the State in which he agreed to enter pleas of guilty to the felony escape charge and to two counts of felony theft. The State agreed to drop the repeat offender allegation, and to dismiss and read-in the remaining charges, subject to full restitution. Additionally, the State agreed not to charge additional offenses allegedly committed by Parent in Trempealeau and St. Croix Counties.

¶ 8. The Eau Claire County Circuit Court, the Honorable William M. Gabler, conducted a personal colloquy of Parent and accepted his pleas of guilty to the three enumerated counts. The circuit court ordered a presentence investigation, which was later filed. At sentencing, Parent and his counsel each told the court that they believed that the PSI report contained no significant factual inaccuracies. The court sentenced Parent to 11 years of initial confinement plus 11 years of extended supervision, to be served consecutive to an ongoing sentence.

¶ 9. Parent's appointed appellate counsel filed a no-merit notice of appeal. In a letter to the circuit court, Parent's appellate counsel requested a copy of the PSI report, explaining that his client "believe[d] that it [would] support his position in the appeal." Counsel asserted that Parent was entitled to a copy of the report

72

under Wis. Stat. § (Rule) 809.32(1)(d) and (e).[3] Counsel enclosed with the letter a draft order that would have required Parent to keep the contents of the PSI report confidential except for purposes of the no-merit appeal.

¶ 10.   The circuit court wrote the prosecutor and the author of the PSI report to solicit their reactions to Parent's request. The prosecutor suggested that the court require that Parent show a sufficient need for the report, and that if such a showing were made, to allow Parent to view the PSI report but not to keep a copy of it. The PSI report author informed the circuit court that the report did not contain "sensitive information that Mr. Parent could use against other inmates or any victims." He added:   "I'm inclined to think that Mr. Parent is abusing [his] rights [of appeal] to annoy others and/or draw attention to himself. I state this not as fact but only my impression."

¶ 11.   The circuit court ultimately denied Parent's request for a copy of the PSI report in a March 18, 2005, letter to Parent's appellate counsel. The circuit court stated that it "[could not] imagine any legitimate reason

---

[3] Wisconsin Stat. § (Rule) 809.32(1) provides, in pertinent part:

> (d) Service of copy of no-merit report, transcript, and circuit court case record. The attorney shall serve a copy of the no-merit report on the person and shall file a statement in the court of appeals that service has been made upon the person. The attorney shall also serve upon the person a copy of the transcript and circuit court case record within 5 days after receipt of a request for the transcript and circuit court case record from the person and shall file a statement in the court of appeals that service has been made on the person.

> (e) Response to no-merit report. The person may file a response to the no-merit report within 30 days after service of the no-merit report. If the person files a response, the clerk shall, within 5 days after the filing of the response, send a copy of the response to the attorney who filed the no-merit report.

why Mr. Parent would want a copy of his pre-sentence investigation." It noted that Parent did not have any significant factual objections to the PSI report at sentencing. The circuit court concluded: "I agree with [the PSI report author's] assessment that Mr. Parent is engaging in conduct to draw attention to himself. . . . I think giving Mr. Parent a copy of the pre-sentence investigation report will only encourage Mr. Parent to raise issues that are without merit."

¶ 12. Parent filed a motion with the court of appeals requesting personal access to the presentence report, explaining that a similar request was denied by the circuit court. The court of appeals denied the motion, stating:

> Under Wis. Stat. § 972.15(4), a defendant does not have access to a presentence report unless ordered by "the court." "The court" means the circuit court. *See* Wis. Stat. § 967.02(7). The circuit court has refused to allow the appellant access to the presentence report. A client's right to inspect the record for purposes of responding to the no-merit report under Wis. Stat. § (Rule) 809.32 does not supercede [sic] the trial court's authority to seal the presentence report and prevent the defendant from having access to it.

¶ 13. Parent's appellate counsel petitioned this court for a writ of supervisory control pursuant to Wis. Stat. § (Rule) 809.71, and for temporary relief. Counsel for the court of appeals conceded that the court of appeals erred by not properly reviewing the circuit court's denial of the request to disclose the PSI report, and recommended that we vacate the court of appeals' order. We did so by an order dated October 14, 2005, and remanded for the court of appeals to review the circuit court's order for an erroneous exercise of discretion.

¶ 14.  On remand, the court of appeals directed the parties to brief the question of whether the circuit court's denial of Parent's request was an erroneous exercise of its discretion. Ultimately, the court of appeals certified the case to this court to clarify the procedure and factors to be considered when deciding whether a defendant should receive a copy of a PSI report to facilitate his or her response to a no-merit report, and to decide whether motions filed by the State seeking access to a PSI report and disclosure of its contents in the State's brief should be filed in the court of appeals or in circuit court. We granted certification to address these issues.

## II

¶ 15.  This case requires us to interpret provisions of the Wisconsin Statutes relating to presentence investigation reports, and court rules pertaining to no-merit appeals. The interpretation of statutes and court rules present questions of law that we review independently. *State v. Sorenson*, 2000 WI 43, ¶ 15, 234 Wis. 2d 648, 611 N.W.2d 240.

¶ 16.  When construing statutes and court rules, we assume that the intent of the legislature or this court is expressed in a statute or court rule. *State v. Denis L.R.*, 2005 WI 110, ¶ 35, 283 Wis. 2d 358, 699 N.W.2d 154 (citation omitted). Therefore, our analysis begins with the language of the statute or rule. *Id.* In general, we give statutory language its common, ordinary, and accepted meaning. *Id.* "Further, we consider language 'in the context in which it is used; not in isolation but as part of a whole; in relation to the

language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results.' " *Id.* (quoting *State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110). If this analysis yields no ambiguity, our inquiry ends. *Id.*

## III

¶ 17. Article I, Section 21(1) of the Wisconsin Constitution and Wis. Stat. § 808.03(1) guarantee a person convicted of a crime in Wisconsin the right to appeal his or her conviction to the court of appeals. The United States Supreme Court has held that a person appealing his or her conviction has a Sixth Amendment right to counsel on the first appeal, *Douglas v. California,* 372 U.S. 353, 356–57 (1963), and that this right includes the right to effective assistance of counsel. *Evitts v. Lucey,* 469 U.S. 387, 396–97 (1985).

¶ 18. "[A]n indigent defendant has the same right to effective representation by an active advocate as a defendant who can afford to retain counsel of his or her choice." *McCoy v. Court of Appeals of Wis.,* 486 U.S. 429, 435 (1988). Under Wisconsin law, an indigent defendant who files a notice of intent to appeal from a conviction is appointed appellate counsel. *See* Wis. Stat. § (Rule) 809.30.

¶ 19. Appellate counsel, whether retained or appointed, has an ethical duty not to advance frivolous arguments before the appellate tribunal. *See McCoy,* 486 U.S. at 436. If retained counsel, upon a thorough review of the record, determines that no meritorious appellate issues exist, counsel must advise his or her

client that it would be a waste of money to appeal the conviction, and it would be unethical for the attorney to do so. *Id.* at 437. The situation is more complicated for appointed counsel, who cannot simply withdraw without leave of the appellate court. Appointed counsel must first advise the court of his or her opinion that the appeal is frivolous, thus placing counsel's duty to exercise candor toward the tribunal in conflict with the client's Sixth Amendment right to effective assistance of counsel. *Id.*

¶ 20.  The no-merit procedure set forth in *Anders v. California,* 386 U.S. 738 (1967), seeks to reconcile this conflict between the right to counsel and an attorney's ethical obligations. In *Anders,* the United States Supreme Court held that when appointed counsel determines after a "conscientious examination" of the record that an appeal would be "wholly frivolous," counsel "should so advise the court and request permission to withdraw." *Id.* at 744. However, counsel must also file with the court "a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses." *Id.*

¶ 21.  Wisconsin codified and expanded *Anders'* no-merit procedure in Wis. Stat. § (Rule) 809.32. The court of appeals in *State v. Tillman,* 2005 WI App 71, ¶ 17, 281 Wis. 2d 157, 696 N.W.2d 574, cogently set forth Wisconsin's no-merit procedure:

> First, appointed counsel examines the record for potential appellate issues of arguable merit. *See* [Wis. Stat. §] Rule 809.32(1)(a) ("The no merit report shall identify anything in the record that might arguably support the appeal and discuss the reasons why each identified issue lacks merit."). Next, the defendant has

77

the opportunity to respond to the no merit report and raise additional issues. Rule 809.32(1)(e). Next, as contemplated by *Anders,* the appellate court not only examines the no merit report but also conducts its own scrutiny of the record to see if there are any potential appellate issues with arguable merit. *See Anders,* 386 U.S. at 744–45. Finally, the court's no merit decision sets forth the potential appellate issues and explains in turn why each has no arguable merit.

¶ 22. Under Wis. Stat. § (Rule) 809.32(1)(d), counsel filing a no-merit report must serve a copy of the no-merit report on the defendant, as well as "a copy of the transcript and circuit court case record" within five days of receiving a request from the defendant for the transcript and record. One reason for this rule is that, under *Anders* and Wis. Stat. § (Rule) 809.32(1)(e), an indigent defendant has the right to respond to appointed counsel's no-merit report. To properly respond to the no-merit report, the defendant must have access to the record in order "to raise any points that he chooses." *Anders,* 386 U.S. at 744. The PSI report is an essential part of this record. *See Chambers v. State,* 54 Wis. 2d 460, 465, 195 N.W.2d 477 (1972); *Embry v. State,* 46 Wis. 2d 151, 158 n.2, 174 N.W.2d 521 (1970).

¶ 23. At the time of the circuit court's March 2005 denial of Parent's request for a copy of the PSI report, the subsections of Wis. Stat. § 972.15[4] relating to the confidentiality of PSI reports read as follows:

972.15 Presentence investigation.

. . . .

(2) When a presentence investigation report has

---

[4] This section has been subsequently amended. *See infra,* ¶¶ 31–35.

been received the judge shall disclose the contents of the report to the defendant's attorney and to the district attorney prior to sentencing. When the defendant is not represented by an attorney, the contents shall be disclosed to the defendant.

(3) The judge may conceal the identity of any person who provided information in the presentence investigation report.

(4) After sentencing, unless otherwise authorized under sub. (5) or ordered by the court, the presentence investigation report shall be confidential and shall not be made available to any person except upon specific authorization of the court.

(5) . . . The department [of corrections] may make the report available to other agencies or persons to use for purposes related to correctional programming, parole consideration, care and treatment, or research. . . .

Wisconsin Stat. § 972.15 thus authorizes a court to order a presentence investigation after a conviction and establishes that presentence reports are confidential. Pursuant to Wis. Stat. § 967.02(7), the "court" referenced in the above-quoted passage is "the circuit court unless otherwise indicated."[5]

## IV

¶ 24. The parties' dispute in this case centers on an apparent conflict between the confidentiality provi-

---

[5] Wisconsin Stat. § 967.02 provides, in pertinent part:

Words and phrases defined. In chs. 967 to 979, unless the context of a specific section manifestly requires a different construction:

. . . .

(7) "Court" means the circuit court unless otherwise indicated.

sions of the former Wis. Stat. § 972.15 and the requirements of Wis. Stat. § (Rule) 809.32(1)(d) and (e) that a no-merit appellant be served with a copy of the circuit court record and be given an opportunity to respond to the no-merit report.

¶ 25. Parent contends that Wis. Stat. § (Rule) 809.32(1)(d), which mandates that appointed counsel serve the circuit court record on the defendant, gives him an unqualified right to access the PSI report because it is a part of the circuit court record. Parent asserts that the former Wis. Stat. § 972.15(4), which provided that the PSI report "shall be confidential and shall not be made available to any person" after sentencing except by authorization of the circuit court, is facially ambiguous when read in context with § (Rule) 809.32(1)(d).

¶ 26. Parent contends that this ambiguity may be resolved by resort to a dictionary definition of "confidential." Parent cites *Webster's Third New International Dictionary* 476 (1993), which defines "confidential" as follows: "communicated, conveyed, acted on, or practiced in confidence: known only to a limited few: not publicly disseminated." Parent argues that under this definition, access to the PSI report is to be held by a "limited few," which includes the defendant, and excludes nonparties and the general public. Since he has already seen the PSI report, he argues, the report cannot be "confidential" as to him.

¶ 27. Parent observes that where two conflicting statutes apply to the same subject matter, the more specific statute usually controls. *See Marder v. Bd. of Regents of the University of Wis. System,* 2005 WI 159, ¶ 23, 286 Wis. 2d 252, 706 N.W.2d 110. Parent contends that Wis. Stat. § (Rule) 809.32(1)(d) is more specific than

the former Wis. Stat. § 972.15(4) because § (Rule) 809.32(1)(d) applies only in the limited circumstances of a no-merit appeal.

¶ 28. Parent finally contends that, pursuant to Wis. Stat. § (Rule) 809.32(1)(e), he may attempt to challenge numerous factual statements in the presentence report by way of his response to counsel's no-merit report.

¶ 29. The State contends that Parent does not have an unqualified right to personally access his PSI report under Wis. Stat. § (Rule) 809.32(1)(d), and that the circuit court's denial of Parent's request to access the PSI report was not an erroneous exercise of its discretion. The State agrees with Parent that the rule that when two provisions conflict, the more specific controls is applicable here, but asserts that the former Wis. Stat. § 972.15(4) and not Wis. Stat. § (Rule) 809.32(1)(d) is the more specific provision. The State so argues because the former § 972.15(4) concerned the accessibility of one document contained in the record, the PSI report, whereas § (Rule) 809.32(1)(d) refers to the record in general. It therefore contends that the former § 972.15(4) trumps § (Rule) 809.32(1)(d), and that a defendant subject to a no-merit procedure be required to seek the circuit court's authorization to access the PSI report. The State proposes that a defendant in a no-merit appeal demonstrate a "substantial need" for the PSI report to be entitled to access it.

¶ 30. We reject Parent's contention that Wis. Stat. § (Rule) 809.32(1)(d) confers an unqualified right for a no-merit appellant to access personally the PSI report. We agree with the State that under Parent's expansive view of § (Rule) 809.32(1)(d), sealed portions of a record would always be accessible to a defendant in a no-merit proceeding. Such an interpretation would permit defen-

81

dants to use the no-merit procedure to gain access to otherwise restricted sensitive information. We recognize that under the former Wis. Stat. § 972.15(4), the PSI report was confidential after sentencing and was "not . . . available to any person except upon specific authorization of the court."[6] We further recognize that Wis. Stat. § 972.15(3) allows the judge to "conceal the identity of any person who provided information in the presentence report."

¶ 31. But neither are we persuaded by the State's argument, which would place the onus on the defendant to demonstrate a "substantial need" for the PSI report without knowing (or recalling) its contents.[7] A defendant would not necessarily know whether the PSI report might support issues in furtherance of a direct appeal or motion for modification of sentence without having the chance to review the PSI report when preparing his or her response to a no-merit report.

¶ 32. We decline to address the apparent conflict between the former Wis. Stat. § 972.15 and Wis. Stat. § (Rule) 809.32. Instead, we vacate the circuit court's order and remand this matter to be resolved by applying the recently amended version of § 972.15, which provides more guidance to circuit courts and is more readily harmonized with § (Rule) 809.32.[8]

---

[6] We note that the former Wis. Stat. 972.15(4) did not establish criteria to guide the court as to what a defendant-appellant would have to show in order to obtain specific authorization of the court to view the presentence report as part of the appellate process.

[7] The State notably omits in its brief any discussion of whether the desire to file a response to the no-merit report as provided in Wis. Stat. (Rule) 809.32(1)(e) would constitute a substantial need for the PSI report.

[8] We note that procedural statutes are usually given retro-

¶ 33. Effective April 21, 2006, Wis. Stat. § 972.15(4) was amended and Wis. Stat. § 972.15(4m) was created by 2005 Wis. Act 311, Sections 1 and 2. The new subsections provide:[9]

972.15 Presentence investigation.

. . . .

(4) Except as provided in sub. (4m) or (5), after sentencing the presentence investigation report shall be confidential and shall not be made available to any person except upon specific authorization of the court.

(4m) The district attorney and the defendant's attorney are entitled to have and keep a copy of the presentence investigation report. If the defendant is not represented by counsel, the defendant is entitled to view the presentence investigation report but may not keep a copy of the report. A district attorney or defendant's

active application, an exception to the general rule that statutes are applied prospectively. *See Snopek v. Lakeland Medical Center,* 223 Wis. 2d 288, 295, 588 N.W.2d 19 (1999); *Gutter v. Seamandel,* 103 Wis. 2d 1, 17–18, 308 N.W.2d 403 (1981). A statute is substantive rather than procedural in nature if it "creates, defines or regulates rights or obligations." *City of Madison v. Town of Madison,* 127 Wis. 2d 96, 102, 377 N.W.2d 221 (Ct. App. 1985). "If a statute simply prescribes the method—the 'legal machinery'—used in enforcing a right or a remedy, it is procedural." *Id.* (citation omitted). Because the amendments to Wis. Stat. § 972.15 relate to the procedures by which parties may access a PSI report and pursue an appeal, we conclude that retroactive application of the amended statute is appropriate here.

[9] Effective June 4, 2006, 2005 Wis. Act 434, Sections 49 and 50, further amended Wis. Stat. 972.15(4) and created 972.15(6). This change specified the persons and agencies that are permitted access to a PSI for purposes of a Chapter 980 proceeding, and is therefore not relevant to this case.

attorney who receives a copy of the report shall keep it confidential. A defendant who views the contents of a presentence investigation report shall keep the information in the report confidential.

¶ 34. Unlike the prior version of Wis. Stat. § 972.15, the amended statute specifically addresses a defendant's access to the PSI report after sentencing. It states that the PSI report is confidential "except as provided in sub. (4m) and (5)." Subsection (4m) states that "the district attorney and the defendant's attorney are entitled to have and keep a copy of the presentence investigation report." The subsection further provides that "[i]f the defendant is not represented by counsel, the defendant is entitled to view the presentence report but may not keep a copy of the report." Significantly, a defendant proceeding under the new statute, subject to the need to conceal the identity of any person who provided information in the PSI report pursuant to § 972.15(3), is "entitled to view the pre-sentence investigation report," and thus a circuit court acting within its discretion may not deny access to the PSI report altogether.

■■■■■■■

¶ 35. We conclude that permitting a defendant in a no-merit appeal access to the PSI report is consistent with the design and purpose of the no-merit procedure. Wisconsin Stat. § (Rule) 809.32(1)(e) (within 30 days after service of the report) and *Anders* guarantee a defendant the right to respond to the no-merit report filed by his or her counsel. To have a fair chance to respond to appointed counsel's conclusion that an appeal in the defendant's case would be frivolous, and to raise any points that he or she chooses, a defendant is constitutionally and statutorily provided access to all parts of the record not under seal or subject to redaction.

¶ 36. In *Wilkinson v. Cowan,* 231 F.3d 347 (7th Cir. 2000), the Seventh Circuit Court of Appeals affirmed the importance to the no-merit appellant of *Anders'* requirement that he or she have an opportunity to respond to the no-merit report. There, Wilkinson, convicted in Illinois state court of murdering his estranged wife, sought postconviction relief on grounds that trial counsel was ineffective, which was denied by the trial court. *Wilkinson,* 231 F.3d at 348–49. On appeal, Wilkinson's appointed counsel filed a no-merit report, and the appellate court agreed that the case presented no issue of arguable merit. *Id.* at 349. However, Wilkinson, having not been informed of his right to respond to the no-merit report by counsel or the court, did not file a response to the report. *Id.*

¶ 37. When Wilkinson later filed a federal habeas corpus petition reasserting his claim of ineffective assistance of counsel, the district court concluded that he had procedurally defaulted by failing to make this argument to the state appellate court. *Id.* at 349–50. The United States Court of Appeals for the Seventh Circuit reversed, concluding that a procedural default was inappropriate where the defendant was not informed of his right to respond to the no-merit report:

> [W]e do not think that Wilkinson can be faulted for failing to [respond to the no-merit report]. Wilkinson was not apprised (either by his attorney or by the appellate court) that he had a *right* to respond to the motion, let alone an *obligation* to do so if he wished to preserve his claims for further review.

*Id.* at 351 (emphasis in original).

¶ 38. Additionally, the requirement that the defendant be given the chance to respond to the no-merit report assists the appellate court in determining whether, in fact, any meritorious appellate issues exist.

85

In upholding against a constitutional challenge the requirement of Wis. Stat. § (Rule) 809.32 that counsel "give reasons" for his or her conclusion that an appeal would be frivolous, the United States Supreme Court in *McCoy* concluded that counsel's reasons would "assist the court in passing on the soundness of the lawyer's conclusion that the appeal is frivolous." *McCoy,* 486 U.S. at 442. Likewise, the appellate tribunal's deliberative process benefits from the arguments of the defendant made in response to the no-merit report.

¶ 39. We turn now to the procedure by which a defendant subject to a no-merit procedure may access the PSI report. Wisconsin Stat. § 972.15(4m) addresses access to the PSI report by defendant's counsel (who may keep a copy of the report) and a pro se defendant (who may view the report but may not keep a copy of it). We pause to consider which of these two categories best describes a defendant subject to the no-merit procedure. Such a defendant is, of course, represented by appointed counsel, who fulfills his or her professional obligations to the client by conscientiously reviewing the record and "referring [in the no-merit report] to anything in the record that might arguably support the appeal." *Anders,* 386 U.S. at 744.

■■■■■■■■

¶ 40. However, a defendant in a no-merit appeal is not represented by counsel in the typical adversarial manner that counsel represents a defendant in a meritorious appeal. As the court of appeals noted in *Tillman,* 281 Wis. 2d 157, ¶ 20, "a no-merit appeal is a different breed of appeal." Unlike a defendant in a "conventional appeal," the defendant in a no-merit appeal is "permitted to separately weigh in by raising objections to counsel's brief or by raising additional issues." *Id.,* ¶ 18. Indeed, a defendant's failure to re-

spond to the no-merit report, absent a demonstration of sufficient reason for such failure, might preclude him or her from raising any issues in future postconviction challenges that could have been raised as part of the no-merit appeal. *Id.,* ¶ 19.[10]

¶ 41. The defendant subject to the no-merit procedure utilizes the PSI report to prepare his or her response to the no-merit report of his or her own counsel. In completing this task, the defendant seeks to counter his or her own counsel's determination that the appeal lacks merit, which puts the defendant at odds with counsel before the appellate court. We therefore conclude that, for the limited purposes of determining the procedure for accessing the PSI report under Wis. Stat. § 972.15(4m), a defendant in a no-merit appeal is in the same shoes as a defendant who is "unrepresented," and should be treated as such.

¶ 42. Moreover, we conclude that it would be contrary to the purpose and policy of Wis. Stat. § 972.15(4m) (2005–06) to deny the defendant a viewing of the PSI report simply because he or she is represented by counsel in a no-merit appeal. We agree with the rationale of the court of appeals in *State v. Skaff,* 152 Wis. 2d 48, 447 N.W.2d 84 (Ct. App. 1989), that "the legislature could not have intended that a defendant appearing without counsel had greater rights to his PSI than a defendant who appeared with coun-

---

[10] We agree with the court of appeals that in considering whether to apply the procedural bar of *State v. Escalona-Naranjo,* 185 Wis. 2d 168, 181–82, 517 N.W.2d 157 (1994), in subsequent postconviction proceedings, circuit and appellate courts must pay close attention to whether the no-merit procedures were in fact followed. *See State v. Tillman,* 2005 WI App 71, ¶ 20, 281 Wis. 2d 157, 696 N.W.2d 574.

sel." *Id.* at 57. The *Skaff* court interpreted Wis. Stat. § 972.15(2) as providing a represented defendant the same rights to access his or her own PSI report prior to sentencing as an unrepresented defendant.[11] We note that while subsection (4m) refers to postconviction access instead of access prior to sentencing, each subsection treats unrepresented defendants and represented defendants the same. Thus, because a represented defendant under subsection (2) is allowed access to his or her PSI report prior to sentencing, we can discern no reason why a represented defendant is not given comparable access following conviction under subsection (4m).[12]

¶ 43.  Accordingly, under Wis. Stat. § 972.15(4m) (2005–06), we conclude that a defendant subject to the no-merit procedure may view a copy of the PSI report but may not keep a copy of it. This opportunity to view the report must be meaningful; the defendant should have sufficient time to conduct a thorough review of the document and, if the defendant has made a timely request to view the PSI report, the viewing should occur soon enough to give the defendant time to incorporate material from the PSI report in the defendant's response to the no-merit report.

---

[11] Wisconsin Stat. § 972.15(2) provides that "[w]hen a presentence investigation report has been received the judge shall disclose the contents of the report to the defendant's attorney and to the district attorney prior to sentencing. When the defendant is not represented by an attorney, the contents shall be disclosed to the defendant."

[12] Because we conclude that the statute grants Parent personal access to his PSI report, we do not address the constitutional questions that were discussed in *State v. Skaff,* 152 Wis. 2d 48, 53–55, 447 N.W.2d 84 (Ct. App. 1989). *See State v. Dyess,* 124 Wis. 2d 525, 533, 370 N.W.2d 222 (1985).

¶ 44. Wisconsin Stat. § 972.15 addresses the need to protect sensitive information that may be contained in the PSI report. First, a defendant who views the PSI report "shall keep the information in the report confidential."[13] Wis. Stat. § 972.15(4m) (2005–06). Second, the right of a defendant to view the PSI report is subject to the restrictions of § 972.15(3), which provide that "[t]he [circuit] judge may conceal the identity of any person who provided information in the presentence investigation report."

¶ 45. Consistent with the requirements of Wis. Stat. § 972.15(3), we hold that a defendant subject to a no-merit appeal must notify the circuit court of the defendant's desire to view the PSI report to permit the judge to review the PSI report and to redact as the judge deems appropriate identifying information of persons who provided information for the report and information that may be confidential under other law not discussed here. The circuit court's exercise of discretion is limited under the statute to redacting, as it deems appropriate, identifying information of persons who provided information and information that may be confidential under other applicable law. Under § 972.15(4m) (2005–06), the circuit court may not deny altogether the defendant's request to view a copy of the PSI report.

¶ 46. On remand, should appointed appellate counsel file the anticipated no-merit report in Parent's appeal, counsel must serve a copy of the record on Parent, along with a copy of the no-merit report,

---

[13] The viewing of the PSI report shall occur under conditions in which the opportunity for copying or disclosure to others is precluded.

pursuant to Wis. Stat. § (Rule) 809.32(1)(a). This copy of the record may not include a copy of the PSI report. However, consistent with Wis. Stat. § 972.15(4m) (2005–06) and subject to the limitations of subsection (3), the circuit court must determine whether to redact names or other identifying information of persons providing information in the PSI report. The circuit court must then give Parent a meaningful opportunity to view a copy of the report. *See* Wis. Stat. § 972.15(4m).

## V

¶ 47. We turn now to the court of appeals' request to clarify the procedure by which the attorney general's office may in no-merit appeals access the PSI report and disclose its contents in the State's brief. The court of appeals' certification states as follows:

> [T]he State['s brief to the court of appeals] notes that the Attorney General's established procedure for seeking access to the PSI has been to file a motion with the court of appeals. These motions typically request permission to unseal the PSI and, in some manner, disclose its contents in the State's brief. The State questions whether these motions should be filed in the trial court rather than the court of appeals. This court has routinely ruled on the State's motions, construing the Attorney General as successor counsel to the District Attorney. Because the motions involve the contents of briefs filed with this court, we have assumed that the motion is appropriately filed in this court. A prisoner's motion for access, however, involves questions of fact and knowledge of the details of the case that is more appropriately decided by the trial court. We submit that it is appropriate for the Wisconsin Supreme Court to determine whether this court's established procedures are authorized by Wis. Stat. §§ 972.15(4) and 967.02(7).

¶ 48. Wisconsin Stat. § 967.02 provides that "[i]n chs. 967 to 979, unless the context of a specific section manifestly requires a different construction ... (7) 'Court' means the circuit court unless otherwise indicated." As above, we construe the recently enacted version of Wis. Stat. § 972.15 (2005–06).[14] Section 972.15 now provides, in pertinent part:

> (4) Except as provided in sub. (4m) or (5), or (6) after sentencing ... the presentence investigation report shall be confidential and shall not be made available to any person except upon specific authorization of the court.

> (4m) The district attorney and the defendant's attorney are entitled to have and keep a copy of the presentence investigation report. If the defendant is not represented by counsel, the defendant is entitled to view the presentence investigation report but may not keep a copy of the report. A district attorney or defendant's attorney who receives a copy of the report shall keep it confidential.

██

¶ 49. We conclude that the attorney general comes under the purview of Wis. Stat. § 972.15(4) and (4m) (2005–06) because, in criminal appeals, the attorney general is often the State's successor to the district attorney.[15] Subsection (4m) does not establish the pro-

---

[14] However, our conclusions that the attorney general may be the successor to the district attorney and that the attorney general's office must file its request to view the PSI report with the circuit court and not the court of appeals apply under the former Wis. Stat. § 972.15(4) as well.

[15] In general, the district attorney handles all single-judge cases in the court of appeals. Wis. Stat. § 978.05(5). The attorney general normally handles all felony and Chapter 980 cases, as well as all cases before the Wisconsin Supreme Court,

cedure by which the district attorney is to receive the PSI report, only that the district attorney is "entitled to have and keep a copy" of it. However, the "court" referenced in subsection (4) is, under Wis. Stat. § 967.02(7), the circuit court. We note that the district attorney (or here, the attorney general) need not seek "specific authorization" of the circuit court to view the PSI report under subsection (4). However, the court of appeals is not specifically mentioned anywhere in § 972.15. The statute does not specify that requests to obtain access to the PSI report be made to any tribunal other than the circuit court. We therefore conclude that under §§ 972.15 and 967.02(7) the attorney general's office should submit any requests to obtain a copy of the PSI report and to disclose its contents in the State's brief to the circuit court for the purposes of a no-merit appeal.

## VI

¶ 50.   To summarize, under Wis. Stat. § 972.15(4m) (2005–06), Parent is entitled to a meaningful viewing of the PSI report, but may not retain a copy of it. However, this right is subject to the requirement that the defendant keep the information in the report confidential, and the circuit court's prerogative to redact identifying information of persons who provided information for the report. We therefore vacate the order of the circuit court denying Parent's request to review the PSI report and remand for Parent to personally access the report under Wis. Stat. § 972.15(4m). Finally, we conclude that, in a no-merit appeal, the attorney general is often the State's successor to the district attorney for purposes of

and may assume responsibility in a single-judge appeal if the court of appeals orders that the case be decided by a three-judge panel. Wis. Stat. §§ 165.25(1); 752.31(3) and (4).

§ 972.15, and that under § 972.15, the attorney general's office after sentencing must make its request to obtain a copy of the PSI report and disclose its contents in the State's brief with the circuit court.

*By the Court.*—The order of the circuit court is vacated and cause remanded for further proceedings consistent with this opinion.