ANN WALSH BRADLEY, J.
¶ 45. (dissenting). I agree with the majority that the requirements for a supervisory writ are not met. I also agree with the majority that it is appropriate to employ our superintending and administrative powers here.
¶ 46. I part ways with the majority, however, because I conclude that we should employ those powers in a manner that establishes a simple rule that provides guidance to courts, parties, and counsel and that protects from harm those who provide information in the presentence investigation report (PSI). Because the majority's approach appears at odds with the words of the statute and provides neither adequate guidance nor protection, I respectfully dissent.
I
¶ 47. Having determined that it will not grant a supervisory writ but will instead exercise the court's superintending and administrative powers, the majority turns to interpreting Wis. Stat. § 972.15. It correctly notes that a defendant has a due process right to be sentenced upon accurate information, a right to disclosure of all information in the PSI, and a right to challenge any statement in the PSI that the defendant believes to be inaccurate or incomplete. Majority op., ¶ 20.
¶ 48. The majority concludes that parties[1] are not required to get permission from any court before refer *763 encing a PSI in an appellate brief. It opines that there is "no quantifiable benefit" if parties are required to request permission of the circuit court to reference a PSI. Id., ¶¶ 25, 28. It likewise eschews any benefit from requiring the parties to obtain permission from the court of appeals: "requiring court approval provides little, if any, guarantees that information will be treated any differently than if no motion were required." Id., ¶ 35.
¶ 49. Instead of requiring permission, the majority directs that parties may "reference information from the PSI that does not reveal confidential information and that is relevant to the appeal." Id., ¶ 36. It provides examples of what it calls "confidential information," listing medical information, information from child welfare and termination of parental rights proceedings, and information from juvenile delinquency proceedings. Id., ¶ 39.
¶ 50. Under the majority's interpretation, nothing more is required than what is already mandated by those other statutory provisions that govern "confidential information." Id., ¶ 36. In the event that there is uncertainty as to whether the information complies with those confidentiality statutes, it merely suggests that counsel "ask the court of appeals for guidance." Id., ¶ 43. It additionally suggests that counsel should consider "fil[ing] the brief under seal" until the court of appeals can decide if the information fits its definition of "confidential information." Id. Finally, the majority *764 leaves the decision of whether to disclose "sensitive" information in a PSI to the "prudent" and "sound discretion" of counsel. Id., ¶¶ 39, 43.
II
¶ 51. Our job is to interpret and apply the statutes as they are written by the legislature. We should not replace a clear legislative mandate with our own version of the statute.
¶ 52. The text of Wis. Stat. § 972.15(4) (2009-10)[2] states that "after sentencing the presentence investigation report shall be confidential." Instead of following a clear legislative mandate, the majority turns the statutory language on its head and treats a PSI not as a confidential document but as a non-confidential document that may contain certain pieces of otherwise confidential information. See majority op., ¶¶ 19, 29, 36, 39, 40, 43.
¶ 53. The majority's contradictory interpretation of Wis. Stat. § 972.15(4) appears to conflict with this court's prior application of the statute. In State v. Comstock, 168 Wis. 2d 915, 485 N.W.2d 354 (1992), the majority of this court chided a dissenting opinion for inappropriately citing certain facts from a PSI. The court quoted Wis. Stat. § 972.15(4) and its statement that a PSI is confidential. Id. at 923-25. Nowhere in the Comstock court's discussion of a PSI did it imply that the PSI as a whole is not a confidential document.[3]
*765 ¶ 54. Furthermore, the majority provides inadequate guidance to courts, parties, and counsel. Although the majority provides a limited list of information made confidential by other statutes, it provides no guidance regarding the volumes of other information that may be included in a PSI.
¶ 55. Additionally, the majority's analysis appears narrowly tailored to apply only to parties who are represented by counsel, although the statute covers non-represented defendants. The holding framed by the majority provides that "parties who are entitled 'to have and keep' a copy of a PSI pursuant to Wis. Stat. § 972.15(4m) need not ask any court's permission to reference a PSI in an appellate brief." Majority op., ¶ 3. Wisconsin Stat. § 972.15(4m) allows counsel to "have and keep a copy" of the PSI.
¶ 56. Defendants, however, may not "have and keep" a copy of the PSI. They may only "view" it. Wis. Stat. § 972.15(4m); State v. Parent, 2006 WI 132, ¶ 50, 298 Wis. 2d 63, 725 N.W.2d 915. Given the majority's narrowly-framed holding, it is unclear what a pro se defendant is to do on appeal. Is a pro se defendant likewise supposed to know what confidential information may or may not be used in an appellate brief? Is the decision of whether to use sensitive information in the brief left to the "prudent" and "sound discretion" of the pro se defendant?
*766 ¶ 57. Because the majority fails to set forth any standards for determining what "sensitive" information should be permissible to use in an appellate brief, counsel (and perhaps pro se defendants) have no principled manner in which they may evaluate whether information in a PSI should be used other than their "prudent" and "sound discretion." What happens if their "prudent" and "sound discretion" is overshadowed by their zealous advocacy? What are the consequences for the parties or counsel?
¶ 58. The majority's inadequate guidance on these questions may produce negative consequences for those who have provided information in the PSI and provide inadequate protection from harm. A PSI commonly includes information that would not fall within the majority's list of "confidential" information. For example, the victim's statement often reveals intimate details of the social, economic, physical, and psychological effects of the crime. Furthermore, the family information contained in a PSI could set forth what would otherwise be considered private family matters, detailing the lives of individuals whose sole involvement with the crime is that they are related to the offender.
¶ 59. Such information does not appear to be protected from disclosure under the majority's approach. Majority op., ¶ 39. Individuals may be held up to ridicule as a result of inappropriate use of information in a PSI. Additionally, the disclosure of such information may put an individual's life or health in danger, creating safety issues.
¶ 60. At first blush it may appear that relevancy provides a meaningful limitation, but the broad definition of relevancy provides inadequate protection. Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to *767 the determination of the action more probable or less probable than it would be without the evidence." Wis. Stat. § 904.01; State v. Payano, 2009 WI 86, ¶ 68, 320 Wis. 2d 348, 768 N.W.2d 832.[4] The relevancy requirement offers no real safeguard for the information contained in a PSI that does not fall within the majority's list of "confidential" information.
¶ 61. The majority's inadequate guidance and protection leads to a nebulous procedure. This court should establish a simple procedure that clearly provides guidance and that adequately protects those who provide information in a PSI.
Ill
¶ 62. Instead of the majority's approach to statutory construction, I would interpret the statute to establish a simple procedure that provides clear guidance to courts, parties, and counsel and protects from harm those who provide information in the PSI.
1. The entire PSI is confidential by statute.
¶ 63. As I see it, the entire PSI is confidential by statute. Wisconsin Stat. § 972.15(4) provides that "after sentencing the presentence investigation report shall be confidential and shall not be made available to any person except upon specific authorization of the court." It does not limit confidentiality of the PSI to items that fit under matters that are confidential as defined by other statutes.
*768 ¶ 64. Although this court has not previously defined "confidential" as it is used in the PSI statute, it has set forth general guidelines for what the term "confidential" means when it is used in a statute. See, e.g., Sands v. Whitnall School Dist., 2008 WI 89, ¶ 32, 312 Wis. 2d 1, 754 N.W.2d 439. Confidential data is data that is "meant to be kept secret." Id., ¶ 32 (quoting Custodian of Records for LTSB v. State, 2004 WI 65, ¶ 15, 272 Wis. 2d 208, 680 N.W.2d 792).
¶ 65. The term "confidential" generally contemplates that confidential documents will be limited in the scope of their disclosure. See Custodian of Records for LTSB, 272 Wis. 2d 208, ¶ 15. Similarly, because the statutory language provides that the PSI is confidential, the disclosure of its contents must be carefully circumscribed.
2. To the extent that information in the PSI has already been made public in the circuit court at a sentencing or post sentencing hearing, the information in a transcript from that hearing may be used in an appellate brief.
¶ 66. Although the entire PSI is confidential, the confidentiality requirement set forth in Wis. Stat. § 972.15(4) must sometimes yield to the defendant's due process rights.[5] One circumstance where the confidentiality requirement must yield is when the PSI has already been made public in the circuit court.
*769 ¶ 67. Any information in a PSI that is made public by the circuit court at a sentencing or post sentencing hearing is already public information and may be used in an appellate brief. For example, a circuit court may refer to information in a PSI when it is explaining on the record how the sentence's component parts promote the sentencing objectives. State v. Gallion, 2004 WI 42, ¶¶ 47, 50, 270 Wis. 2d 535, 678 N.W.2d 197. The transcript from the hearing containing statements referencing the PSI may be used in an appellate brief.[6]
*770 ¶ 68. However, because the PSI is confidential, Wis. Stat. § 809.81(8) requires that parties and counsel shall refer to individuals named in the PSI "only by their first name and the first initial of their last name." Even where a party or counsel may use information in a PSI, the statute mandates that the party or counsel refer to only the first name and first initial of the last name of the individuals named in the PSI.
3. Court permission must be obtained for any information not previously made public at the circuit court.
¶ 69. Sometimes a party or counsel may determine that it is necessary to use information in a PSI that is not a part of the public record. Under those circumstances, the party or counsel should be required to get court permission before using the information.
4. As a practical matter, the location of the record should dictate which court to ask.
¶ 70. In determining which court to move for permission to use information in a PSI, parties and *771 counsel should be guided by the practical reality of where the record is located. When the record is at the circuit court prior to the initiation of an appeal, the party or counsel should request permission to use information in the PSI from the circuit court. Conversely, when the appeal is initiated and the record is already with the court of appeals, parties or counsel should request permission to use information in the PSI from the court of appeals.
¶ 71. In determining whether to grant permission to use information in a PSI under the statute, courts must be constantly mindful of the due process rights of the defendant. {See, e.g., a defendant has a due process right to be sentenced upon accurate information. State v. Tiepelman, 2006 WI 66, ¶ 9, 291 Wis. 2d 179, 717 N.W.2d 1.) Courts should also consider the nature of the information that would be exposed to public scrutiny. Some information in a PSI is separately made confidential by other statutes and those statutes may require special procedures.[7] Courts must employ those additional procedures before authorizing the citation of information that is made confidential by other statutes.
¶ 72. Additionally, courts should be wary about authorizing the citation of information that will hold an individual up to ridicule, endanger the safety of persons named in the PSI, or is not needed to advance the claims raised on appeal. Individuals who provide information in the PSI should be provided adequate protection from harm.
*772 ¶ 73. The above interpretation of the statute is a simple procedure that (1) provides guidance to courts, parties, and counsel; (2) protects those who provide information in a PSI; and (3) is consistent with the statutory directive of confidentiality. Unfortunately, the majority fails in all three respects. Accordingly, I respectfully dissent.
¶ 74. I am authorized to state that CHIEF JUSTICE SHIRLEY S. ABRAHAMSON and JUSTICE DAVID T. PROSSER, JR. join this dissent.

 All subsequent statutory references are to the 2009-10 version of the Wisconsin Statutes, unless otherwise indicated.

 This court has treated an entire PSI as confidential on other occasions. In addition to Comstock, the court discussed the meaning of the term "confidential" as it is used in Wis. Stat. § 972.15(4) in State v. Parent, 2006 WI 132, ¶ 26, 298 Wis. 2d *765 63, 725 N.W.2d 915. In that case, the court determined that the defendant must keep "the information in the report" — not some information in the report — confidential in the context of a no merit appeal. Id., ¶ 50. Similarly, this court addressed whether the confidentiality requirement in Wis. Stat. § 972.15(4) is extended to sentencing memoranda in State v. Greve, 2004 WI 69, 272 Wis. 2d 444, 681 N.W.2d 479. The court in Greve also appears to have treated the entire PSI as confidential. Id., ¶ 17.

 The majority characterizes its relevancy test as a "narrower" inquiry than that which is set forth in Wis. Stat. § 904.01 because the issues in a case are often narrowed on appeal. Majority op., ¶ 42. Nevertheless, its standard for relevancy appears to be the same standard as the one defined in the relevancy statute, Wis. Stat. § 904.01.

 A defendant's due process rights include a right to be sentenced upon accurate information, a right to disclosure of the information in the PSI, and a right to challenge any statement in the PSI that the defendant believes to be inaccurate or incomplete. Majority op., ¶ 20 (citations omitted).

 This is consistent with part of a proposal from the Wisconsin Judicial Council that would change the way PSIs are prepared, used, distributed, and kept as records. The Wisconsin Judicial Council's principal statutory responsibilities are to study and make recommendations relating to the pleading, practices, procedures, organization, jurisdiction, and methods of administration of Wisconsin courts. Wis. Stat. § 758.13.
The Wisconsin Judicial Council is a 21-member body representing a broad cross-section of interests. A member of the Wisconsin Supreme Court sits on the Wisconsin Judicial Council. Currently serving on the Judicial Council is Justice Patience Roggensack. Other members of the Judicial Council include a court of appeals judge, four circuit court judges, one district attorney, three members of the state bar, two citizen members, and all of the following individuals or their designees: the Director of State Courts, the chairs of the Senate and Assembly standing committees with jurisdiction over judicial affairs, the Attorney General, the chief of the Legislative Reference Bureau, the deans of the law schools of the University of Wisconsin and Marquette University, the State Public Defender, and the president-elect of the state bar. Id.; Wisconsin Judicial Council, http://www.wicourts.gov/courts/ committees/judieialcouncil/index. htm (last visited Apr. 1, 2013).
In accordance with its statutory duties, the Judicial Council widely distributed for analysis its proposal that would change the procedures relating to PSIs. See Minutes of the Meeting of *770 the Wisconsin Judicial Council (Jan. 18, 2013), available at http ://www. wicourts. gov/ courts/committees/judicialcouncil/docs/ minutes0113.pdf (last visited Apr. 1, 2013) (discussing the circulation of a PSI proposal for fiscal estimates and approving a request to release copies of fiscal estimates before introduction of a PSI bill). Among the entities solicited for comment was the Legislative Committee of the Wisconsin Judicial Conference, chaired by Chief Justice Shirley Abrahamson. The proposal was distributed by Chief Justice Abrahamson to this court.
All meetings of the Wisconsin Judicial Council and its committees are open to the public. Wisconsin Judicial Council, http://www.wicourts.gov/courts/committees/judicialcouncil/docs/ agenda0213.pdf (last visited Apr. 1, 2013).

 See, e.g., Wis. Stat. §§ 146.82 (governing patient health care records), 48.78 (governing agency child welfare records), 48.396 (governing law enforcement officers' records of children), 938.78 (governing agency records of individuals in the care or legal custody of the agency).