**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 11, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2022AP638-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2016CF2208

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DANIEL D. MOORE,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County:  T. CHRISTOPHER DEE, Judge.  *Affirmed*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Daniel D. Moore appeals a judgment convicting him of first-degree recklessly endangering safety and unlawfully possessing a firearm

after being convicted of a felony. He also appeals an order denying his motion for postconviction relief. Moore argues that he received ineffective assistance of trial counsel because his counsel did not object during voir dire when prospective jurors were primarily referred to by numbers rather than their names. We affirm.

¶2 During Moore's direct appeal, his appointed counsel filed a no-merit report. *See* WIS. STAT. RULE 809.32 (2021-22),[1] and ***Anders v. California***, 386 U.S. 738 (1967). After conducting an independent review of the record, as mandated by ***Anders***, we rejected the no-merit report, concluding that there were potential non-frivolous arguments that could be raised on appeal.[2] *See **State v. Moore***, No. 2019AP1194-CRNM, unpublished op. and order (WI App Apr. 16, 2021). On remand, Moore's counsel filed a postconviction motion arguing that he received ineffective assistance of trial counsel because his counsel did not object to the fact that the jury was referred to largely by juror numbers during voir dire, rather than

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] In our order rejecting the no-merit report, we stated that we had not reached any conclusion about whether the non-frivolous arguments would or should prevail. Rather, in accord with ***Anders***, we concluded that the arguments were not frivolous and thus should be raised in a merits brief. We explained:

> When resolving an appeal under WIS. STAT. RULE 809.32, the question is whether a potential issue would be "wholly frivolous." ***State v. Parent***, 2006 WI 132, ¶20, 298 Wis. 2d 63, 725 N.W.2d 915. The test is not whether the lawyer should expect the argument to prevail. *See* SCR 20:3.1, cmt. (action is not frivolous even though the lawyer believes his or her client's position will not ultimately prevail). Rather, the question is whether the potential issue so lacks a basis in fact or law that it would be unethical for the lawyer to prosecute the appeal. *See **McCoy v. Court of Appeals***, 486 U.S. 429, 436 (1988).

***State v. Moore***, No. 2019AP1194-CRNM, unpublished op. and order at 3 (WI App Apr. 16, 2021).

by their names. After holding an evidentiary hearing, the circuit court denied the motion. This appeal follows.

¶3 To prove a claim of ineffective assistance of counsel, a defendant must show that his or her counsel performed deficiently and that this deficient performance prejudiced him or her. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient only if it falls "below … objective standard[s] of reasonableness." *State v. Carter*, 2010 WI 40, ¶22, 324 Wis. 2d 640, 782 N.W.2d 695 (citation omitted). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. To show prejudice, "the defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Carter*, 324 Wis. 2d 640, ¶37 (citation omitted). A reviewing court may dispose of a claim of ineffective assistance of counsel on either ground. *Strickland*, 466 U.S. at 697.

¶4 A circuit court may restrict information about jurors by impaneling an anonymous jury, which occurs when the circuit court withholds information about the jury from the public and the parties, or by impaneling a jury that uses numbers rather than names in open court, sometimes called a "numbers jury," which restricts juror information available to the public, but not to the parties themselves. *State v. Tucker*, 2003 WI 12, ¶11, 259 Wis. 2d 484, 657 N.W.2d 374. When a circuit court restricts juror information, it raises "serious concerns regarding a defendant's rights to an impartial jury and [the] presumption of innocence." *Id.*, ¶19. An anonymous jury may cause the jury to believe "that the defendant is a dangerous person from whom the jurors must be protected, thereby implicating the defendant's constitutional right to a presumption of innocence." *Id.*, ¶18 (citation omitted). "[I]f

a circuit court restricts any juror information, the court must make an individualized determination that the jury needs protection and take reasonable precautions to minimize any prejudicial effect to the defendant." *Id.*, ¶4.

¶5     At the beginning of the voir dire hearing, the circuit court informed the pool of potential jurors that they should give their names when answering questions. The circuit court stated: "When answering the questions, if you would please, start with your juror number, *your name* and your answer. Everyone needs to hear your answer, so we need to be very loud and clear when you give your answers." (Emphasis added.) As the voir dire hearing proceeded, several jurors followed this direction and provided their names and numbers when answering questions. However, the majority of jurors provided only their juror number when they answered questions.

¶6     The primary concern with restricting juror information is that it may adversely affect a defendant's right to the presumption of innocence because the jury may speculate as to the reason for the court order requiring anonymity and may conclude that the defendant is a bad or dangerous person. This concern does not exist here. Under the circumstances of this case, the circuit court did not advise or order the jury to keep their identities shielded from the defendant. To the contrary, the circuit court explicitly asked the jurors to state their names when answering questions. Most of the jurors simply failed to include all of the information that the circuit court had asked them to include when responding. There was no reason for trial counsel to object to the fact that many of the jurors were referred to by numbers because there was no court order requiring them to only use numbers and there was no concern that the jury would draw any adverse inference about the defendant. Therefore, we conclude that trial counsel did not render constitutionally ineffective assistance.

4

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.