STATE of Wisconsin, Plaintiff-Respondent,

v.

Aaron Antonio ALLEN,
Defendant-Appellant-Petitioner.

Supreme Court

*No. 2007AP795. Oral argument April 28, 2010.*
*—Decided July 16, 2010.*

2010 WI 89

(Also reported in 786 N.W.2d 124.)

1

For the defendant-appellant-petitioner there were briefs and oral argument by *Robert R. Henak and Henak Law Office, S.C.,* Milwaukee.

For the plaintiff-appellant there was a brief by *William L. Gansner,* assistant attorney general, with whom on the brief was *J.B. Van Hollen,* attorney general.

¶ 1. DAVID T. PROSSER, J. This is a review of an unpublished decision of the court of appeals, *State v. Allen,* 2007AP795, unpublished slip op. (Wis. Ct. App. Mar. 25, 2008), affirming an order of the Milwaukee County Circuit Court, Dennis P. Moroney, Judge.

¶ 2. Aaron Antonio Allen brought a motion for postconviction relief under Wis. Stat. § 974.06 (2005–06) seven years after the direct appeal from his criminal conviction was considered by the court of appeals under the procedure for no-merit review. The circuit court denied the motion on grounds that the issues raised in the motion were issues that Allen could have raised in a response to his appellate counsel's no-merit report, and they were therefore deemed waived. The court of appeals affirmed.

¶ 3. This case requires us to apply the procedural requirements for postconviction motions set out in *State v. Escalona-Naranjo,* 185 Wis. 2d 168, 517 N.W.2d 157 (1994), to the no-merit procedure for direct appeals set out in Wis. Stat. § (Rule) 809.32 (1997–98).[1] The question at hand is whether Allen is barred from raising issues in his Wis. Stat. § 974.06 motion because he

---

[1] All subsequent references to Wis. Stat. § 974.06 are to the 2005–06 version unless otherwise indicated. All subsequent references to Wis. Stat. § (Rule) 809.32 are to the 1997–98 version unless otherwise indicated.

4

failed to raise them in a response to his attorney's no-merit report. Allen argues that he was not required to raise the issues in a response to the no-merit report and has now demonstrated sufficient reason for not raising them in a response to the no-merit report.

¶ 4. We conclude, following Wis. Stat. § 974.06, that a defendant is not *required* to file a response to a no-merit report. This means he is not *required* to raise issues in response to a no-merit report. However, a defendant may not raise issues in a subsequent § 974.06 motion that he could have raised in response to a no-merit report, absent a "sufficient reason" for failing to raise the issues earlier in the no-merit appeal. The fact that the defendant is not required to file a response to a no-merit report is not, by itself, a sufficient reason to permit the defendant to raise new § 974.06 claims.

¶ 5. Here, we conclude that Allen's 2007 postconviction motion is barred by Wis. Stat. § 974.06(4) and *Escalona-Naranjo*. Allen's § 974.06 motion is based entirely on issues that he could have raised in a response to his appellate counsel's no-merit report. He has not alleged a sufficient reason for failing to raise the issues in a response to the earlier no-merit report. The record reflects that the court of appeals properly followed no-merit procedure in 2000 and its decision carries a sufficient degree of confidence to warrant application of the *Escalona-Naranjo* bar to the issues of this motion. For these reasons, we affirm the court of appeals.

I. BACKGROUND AND PROCEDURAL HISTORY

¶ 6. On May 14, 1995, Allen robbed the driver of a "Johnny cab" at gunpoint.[2] He was arrested at a resi-

---

[2] A "Johnny cab" is a private vehicle driven by a retired person who provides an informal, unlicensed transportation service for a fee.

dence the next morning. Later that day, the victim identified Allen in a police lineup. Allen was charged on May 16 in Milwaukee County Circuit Court with possession of a firearm by a felon, in violation of Wis. Stat. § 941.29(2) (1993–1994) and armed robbery in violation of Wis. Stat. §§ 943.32(1)(b) and 943.32(2). He pleaded not guilty to both charges.

¶ 7. These two charges initiated a long and protracted series of criminal proceedings. The record reflects that at least nine different attorneys represented Allen from charging through sentencing. His attorneys filed numerous motions, including several motions to suppress Allen's lineup identification, several motions in limine, and several motions to suppress Allen's statements. Allen also wrote a number of pro se letters to the court at various points in the proceedings. When the case finally proceeded to trial, in January of 1998, it resulted in a mistrial.

¶ 8. A jury trial was finally completed in October of 1998. The jury convicted Allen on both counts, and the circuit court sentenced Allen to 37 years of imprisonment. Allen filed a notice of intent to pursue postconviction relief, and Assistant State Public Defender Janet L. Barnes was appointed Allen's postconviction/appellate counsel. The record does not reflect that Attorney Barnes took any action on the case. On July 9, 1999, the Office of the State Public Defender appointed Attorney Craig M. Kuhary as Allen's postconviction/appellate counsel.

¶ 9. On March 14, 2000, Attorney Kuhary filed a no-merit report with the court of appeals pursuant to Wis. Stat. § (Rule) 809.32(1). Allen did not file a response to the no-merit report or a petition for review in this court. The no-merit report raised three potential issues: (1) whether the evidence was sufficient to sup-

port the jury's verdict; (2) whether the trial court erred in admitting evidence that Allen initially refused to participate in the pre-charging lineup; and (3) whether the sentencing court misused its discretion.

¶ 10.   In an order dated August 1, 2000, the court of appeals explained:

> We agree with counsel's description and analysis of each of these issues in the no merit report and adopt them as our own statement. We independently conclude that an appeal predicated on these issues would lack arguable merit.
>
> Upon concluding our independent review of the record as mandated by *Anders [v. California]* and Wis. Stat. Rule 809.32(3), we further determine that there are no other meritorious issues presented by this case and that further proceedings would lack arguable merit.

*State v. Allen,* No. 1999AP2818, unpublished order (Wis. Ct. App. August 1, 2000) (citations omitted). The court accordingly affirmed Allen's judgment of conviction and relieved Attorney Kuhary from representing Allen.

¶ 11.   Nearly seven years later, on March 16, 2007, Allen filed a pro se motion for postconviction relief pursuant to Wis. Stat. § 974.06. The motion alleged that Allen's postconviction counsel was ineffective for failing to bring an ineffective assistance of counsel claim against Allen's trial counsel. Allen alleged that trial counsel was ineffective for failing to (1) seek suppression of the fruits of Allen's unlawful arrest; (2) seek suppression of the illegal lineup identification and resulting in-court identification; and (3) object to the prosecutor's use of Allen's conduct at the lineup as evidence of consciousness of guilt.

7

¶ 12. On March 21, 2007, the circuit court issued an order denying Allen's postconviction motion. Relying on *State v. Tillman,* 2005 WI App 71, 281 Wis. 2d 157, 696 N.W.2d 574, and *Escalona-Naranjo,* the court concluded that the issues raised in Allen's § 974.06 motion were deemed waived because he failed to raise them in a response to his appellate counsel's no-merit report.

¶ 13. Allen appealed, and the court of appeals affirmed in an unpublished decision. *Allen,* unpublished slip op. at ¶ 5. The court explained:

> Here, nothing in Allen's Wis. Stat. § 974.06 motion suggests and nothing in the record indicates that Allen was, at the time the no-merit report was filed, unaware of the issues underlying the claims of ineffective assistance of counsel ultimately raised in his motion. Although he blames postconviction counsel for failing to raise the issues in a postconviction motion, he offered no reason as to why he was unable to articulate in a response to the no-merit report the issues he now raises as the basis for his ineffective-assistance-of-counsel claims. The simple contention that counsel could have and should have raised these issues is not, without more, a sufficient reason to overcome the *Escalona-Naranjo/Tillman* bar.

*Id.,* unpublished slip op. at ¶ 6.

¶ 14. Allen filed a petition for review. This court appointed Attorney Robert R. Henak to represent Allen and subsequently granted review.

## II. STANDARD OF REVIEW

¶ 15. Whether Allen's claims are procedurally barred depends upon the proper interpretation of Wis. Stat. § 974.06. This is a question of law that we review

8

de novo. *State v. Lo,* 2003 WI 107, ¶ 14, 264 Wis. 2d 1, 665 N.W.2d 756; *Escalona-Naranjo,* 185 Wis. 2d at 175–76.

## III. DISCUSSION

¶ 16.   This case requires us to apply the procedural requirements of *Escalona-Naranjo* to the no-merit procedure under Wis. Stat. § (Rule) 809.32. We begin our discussion by explaining the no-merit procedure in Wisconsin. We then turn to the basic procedural requirements that must be met to bring a postconviction motion under Wis. Stat. § 974.06, particularly as they apply to ineffective assistance of counsel claims and no-merit proceedings. Finally, we apply these legal principles to the facts of this case, concluding that Allen has not demonstrated a sufficient reason for failing to raise in a response to the no-merit report the claims he raises now in his postconviction motion.

### A.   No-Merit Procedure

¶ 17.   The Sixth Amendment of the United States Constitution requires the state to provide indigent criminal defendants with appellate counsel on a first appeal. *Douglas v. California,* 372 U.S. 353, 357 (1963). An indigent defendant's appellate counsel is bound by different ethical considerations than trial counsel. At trial, an attorney's belief that his client's defense is wholly frivolous "does not qualify his or her duty to the client or to the court." *McCoy v. Court of Appeals of Wis.,* 486 U.S. 429, 435 (1988). Upon appeal, however, the defendant is no longer protected by the presumption of innocence. *Id.* at 436. An indigent defendant's counsel

on appeal "cannot serve the client's interest without asserting specific grounds for reversal." *Id.* For this reason, counsel is ethically prohibited from prosecuting a frivolous appeal. *Id.*

¶ 18.  To balance the defendant's right to counsel against appellate counsel's ethical obligations, the Supreme Court established standards for a no-merit procedure in *Anders v. California,* 386 U.S. 738 (1967). The Court set out the specific procedure that must be followed to preserve the defendant's right to counsel on appeal:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders,* 386 U.S. at 744.

¶ 19.  Wisconsin Stat. § (Rule) 809.32(1) closely follows the procedure of *Anders,* with a few additional requirements.[3] At the time of Allen's direct appeal, the rule set out the following no-merit requirements:

---

[3] The Supreme Court has specifically held that Wis. Stat. (Rule) § 809.32(1), as interpreted by this court, meets the

If an attorney appointed [to represent an indigent defendant] is of the opinion that further appellate proceedings on behalf of the defendant would be frivolous and without any arguable merit within the meaning of *Anders v. California,* 386 U.S. 738 (1967), the attorney shall file with the court of appeals 3 copies of a brief in which is stated anything in the record that might arguably support the appeal and a discussion of why the issue lacks merit. The attorney shall serve a copy of the brief on the defendant and shall file a statement in the court of appeals that service has been made upon the defendant. The defendant may file a response to the brief within 30 days of service.

Wis. Stat. § (Rule) 809.32(1).[4]

■

¶ 20.  An attorney must discuss with the defendant the defendant's rights on appeal, including the option to file a no-merit report. *State ex rel. Flores v. State,* 183 Wis. 2d 587, 607, 516 N.W.2d 362 (1994).[5]

¶ 21.  After submission of the no-merit report and the response, if the defendant provides one, the court of appeals follows the requirement of *Anders:* it "not only examines the no-merit report but also conducts its own scrutiny of the record to find out whether there are any potential appellate issues of arguable merit." *State v. Fortier,* 2006 WI App 11, ¶ 21, 289 Wis. 2d 179, 709 N.W.2d 893. If the court "finds that further appellate

constitutional requirements of *Anders v. California,* 386 U.S. 738 (1967). *McCoy v. Court of Appeals of Wis.,* 486 U.S. 429, 440 (1988).

[4] The current rule contains a more detailed procedure and several additional provisions than the version in effect at the time of Allen's no-merit appeal. *See* Wis. Stat. (Rule) § 809.32 (2007–08).

[5] *See* Wis. Stat. § 809.32(1)(b) (2007–08).

11

proceedings would be frivolous and without any arguable merit, the court of appeals shall affirm the judgment of conviction and the denial of any postconviction motion and relieve the attorney of further responsibility in the case." Wis. Stat. § (Rule) 809.32(3).

B.   Procedural Requirements For Postconviction Motions

¶ 22.   The postconviction procedures in Wis. Stat. § 974.06—in place since mid-1970—are "designed to replace habeas corpus as the primary method in which a defendant can attack his conviction after the time for appeal has expired." *Escalona-Naranjo,* 185 Wis. 2d at 176 (quoting Howard B. Eisenberg, *Post-Conviction Remedies in the 1970's,* 56 Marq. L. Rev. 69, 79 (1972)). Section 974.06(1) allows prisoners to move to vacate, set aside, or correct a sentence where the prisoner is claiming that (1) his sentence was imposed in violation of the constitution; (2) the court imposing the sentence was without jurisdiction; or (3) the sentence was in excess of the maximum or otherwise subject to collateral attack. Wis. Stat. § 974.06(1).

¶ 23.   A motion for relief under § 974.06 "is a part of the original criminal action, . . . and may be made at any time." Wis. Stat. § 974.06(2). However, a defendant must meet certain requirements:

> All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the

> basis for a subsequent motion, unless the court finds a ground for relief asserted which *for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.*

Wis. Stat. § 974.06(4) (emphasis added).

¶ 24. Except for subsection (4), § 974.06 is a "direct adaptation" of the federal postconviction statute contained in 28 U.S.C. § 2255. *Escalona-Naranjo,* 185 Wis. 2d at 176. Subsection (4), on the other hand, is based on the Uniform Post-Conviction Procedure Act, the primary purpose of which was "to compel a prisoner to raise all grounds regarding postconviction relief in his or her original, supplemental or amended motion, thereby cutting off successive frivolous motions." *Id.* at 177.

¶ 25. In *Bergenthal v. State,* 72 Wis. 2d 740, 748, 242 N.W.2d 199 (1976), the court interpreted § 974.06(4) as permitting a defendant to raise a constitutional issue in a § 974.06 motion, even if it might properly have been raised on appeal. The court later overruled *Bergenthal* in *Escalona-Naranjo,* concluding that the "plain language of subsection (4) clearly provides when a sec. 974.06 motion is appropriate." *Escalona-Naranjo,* 185 Wis. 2d at 181. First, all grounds for relief must be raised in the petitioner's original, supplemental, or amended motion, whether or not it was a § 974.06 motion. *Id.* Second, grounds for relief that were "finally adjudicated, waived or not raised in a prior postconviction motion" may not be the basis for a § 974.06 motion. *Id.*

¶ 26. The court went on to explain that the defendant could raise an issue "which for *sufficient reason"* was not raised or was inadequately raised in a prior motion. *Id.* at 184. The defendant in *Escalona-Naranjo* had failed to demonstrate a "sufficient reason" for again

raising his specific claim: ineffective assistance of counsel. The court noted that he had already raised that issue twice and, at the same time, knew that his counsel "had failed to object to what he believed to be inadmissible evidence." *Id.* Yet, "[h]e chose not to make that allegation in those motions and has not alleged any *sufficient reason* why a court should now entertain that same claim." *Id.*

¶ 27.    The court reasoned that this interpretation was correct because "[w]e need finality in our litigation." *Id.* at 185. It further articulated the policy basis for this interpretation:

> Section 974.06(4) was not designed so that a defendant, upon conviction, could raise some constitutional issues on appeal and strategically wait to raise other constitutional issues a few years later. Rather, the defendant should raise the constitutional issues of which he or she is aware as part of the original postconviction proceedings. At that point, everyone's memory is still fresh, the witnesses and records are usually still available, and any remedy the defendant is entitled to can be expeditiously awarded.

*Id.* at 185–86.

¶ 28.    We later reaffirmed the holding of *Escalona-Naranjo* in *Lo,* summarizing the basic rule as follows:

> [C]laims that could have been raised on direct appeal or in a previous § 974.06 motion are barred from being raised in a subsequent § 974.06 postconviction motion absent a showing of a sufficient reason for why the claims were not raised on direct appeal or in a previous § 974.06 motion.

*Id.,* ¶ 44.

¶ 29.    Shortly after *Escalona-Naranjo* was decided, the court of appeals held that ineffective assis-

tance of postconviction counsel may constitute a sufficient reason for not raising issues in a previous postconviction motion. *State ex rel. Rothering v. McCaughtry,* 205 Wis. 2d 675, 556 N.W.2d 136 (Ct. App. 1996). The defendant in *Rothering* filed a *Knight* petition: a habeas corpus petition filed in the court of appeals challenging the effectiveness of appellate counsel. *Id.* at 676.[6] The court denied his petition on grounds that he was in fact arguing ineffectiveness of postconviction counsel. *Id.* at 679. Noting that the proper vehicle for review would be either a habeas petition in the trial court or a § 974.06 motion, the court stated:

> The court has not yet had much occasion to give an explication of the circumstances which constitute a "sufficient reason." It may be in some circumstances that ineffective postconviction counsel constitutes a sufficient reason as to why an issue which could have been raised on direct appeal was not. . . . In some cases it may be necessary to undertake factfinding regarding postconviction discussions between counsel and the defendant to determine if, for a strategy reason, the defendant waived a particular issue. . . . The trial court can perform the necessary factfinding function and directly rule on the sufficiency of the reason.

*Id.* at 682 (citation omitted).

¶ 30. Several years after *Rothering,* the court of appeals held that where the same attorney represents the defendant at trial and on appeal, the attorney's inability to challenge his or her own effectiveness constitutes a "sufficient reason" for not raising ineffec-

---

[6] *See State v. Knight,* 168 Wis. 2d 509, 522, 484 N.W.2d 540 (1992) (holding that a habeas petition in the court of appeals is the exclusive remedy for challenging the effectiveness of appellate counsel).

tiveness in the original § 974.06 motion. *State v. Hensley,* 221 Wis. 2d 473, 477, 585 N.W.2d 683 (Ct. App. 1998).

¶ 31.  The court of appeals has applied the procedural bar of *Escalona-Naranjo* when the defendant's direct appeal followed the no-merit process. *Tillman,* 281 Wis. 2d 157, ¶ 2. The court explained that "in some facets, the no merit procedure affords a defendant greater scrutiny of a trial court record and greater opportunity to respond than in a conventional appeal." *Id.,* ¶ 18. After detailing the no-merit procedure, the court rejected the argument that "the no merit procedure is too perfunctory . . . to permit the application of Wis. Stat. § 974.06(4)." *Id.,* ¶ 19. Recognizing, however, that *Escalona-Naranjo* is not an "ironclad rule," the court held that courts should (1) "pay close attention to whether the no merit procedures were in fact followed"; and (2) "consider whether [the no merit] procedure, even if followed, carries a sufficient degree of confidence warranting the application of the procedural bar under the particular facts and circumstances of the case." *Id.,* ¶ 20.

¶ 32.  The court of appeals again addressed the application of *Escalona-Naranjo* in *Fortier.* Fortier failed to raise a sentencing issue in a response to a no-merit report but raised it in a subsequent § 974.06 motion. *Fortier,* 289 Wis. 2d 179, ¶¶ 13, 15. Applying *Tillman,* the court reasoned that the no-merit procedures had not been followed because Fortier's counsel had not raised the arguably meritorious sentencing issue and the court of appeals had overlooked it:

> The issue was hence overlooked not only by Fortier, but also by his appellate counsel, who filed the no-merit report addressing only the issue of erroneous exercise of sentencing discretion and concluding that no issues

16

of arguable merit remained, and by this court, that agreed with the no-merit report.

*Id.*, ¶ 24. Therefore, both counsel—by not identifying the issue—and the court—by not performing a "full examination" of the record—failed to follow the no-merit procedure. *Id.*, ¶ 27.

¶ 33. Most recently, the court of appeals took up the intersection between the no-merit procedure and the *Escalona-Naranjo* bar in *State ex rel. Panama v. Hepp*, 2008 WI App 146, 314 Wis. 2d 112, 758 N.W.2d 806. In *Hepp*, the state argued that because *Fortier* "implicitly conclude[ed] that apparent ineffective assistance of counsel during a no-merit appeal is a sufficient reason for a defendant failing to raise an issue," an alternate remedy existed and the defendant could not bring a *Knight* petition. *Id.*, ¶ 15.

¶ 34. The court of appeals rejected that argument, holding that § 974.06 motions were not the sole avenue for raising a claim of ineffective assistance of counsel following no-merit proceedings. *Id.*, ¶ 3. It reasoned that the state's theory was incorrect because *Fortier* was based not on counsel's ineffectiveness, but on a "joint breakdown in the process": the failure of either counsel or the court to identify an arguably meritorious issue. *Id.*, ¶ 16. Therefore, the court interpreted *Fortier* to mean that defense counsel's failure to raise an arguably meritorious issue is a sufficient reason for the defendant's failure to raise an issue, regardless of the standards for ineffective assistance of counsel. *Id.*

C. Application of *Escalona-Naranjo* to This Case

¶ 35. Having surveyed the body of case law that has developed around the interaction between no-merit

17

proceedings and Wis. Stat. § 974.06 motions, we now address whether Allen's claims are procedurally barred by § 974.06(4) and *Escalona-Naranjo.* Allen's appellate counsel, in his brief and at oral argument, emphasized that he was not challenging the validity of *Escalona-Naranjo* or its interpretation of § 974.06(4). Therefore, the primary issue presented is whether Allen is procedurally barred under § 974.06(4) from raising issues about the alleged ineffective assistance of his postconviction counsel for failing to bring an ineffective assistance of counsel claim against his "pre-trial counsel," *because* he did not raise these issues in response to a prior no-merit report.

¶ 36. As part of his pro se § 974.06 motion in 2007, Allen wrote:

> Here, defendant['s] claim is that postconviction counsel was ineffective for failing to file a postconviction motion alleging that pretrial counsel was ineffective when he failed to file any motions to suppress the unlawful arrest, the illegal lineup, and the prosecution's use of defendant['s] conduct prior to the lineup to show consciousness of the defendant's alleged guilt. Thus, this petition raises a "mix of claims of ineffective postconviction counsel and ineffective trial counsel."

¶ 37. The circuit court denied this motion, saying:

> The defendant now raises various claims which he contends postconviction counsel should have raised in the trial court regarding the effectiveness of trial counsel . . . .
>
> Defendant could and should have raised all of these issues in response to counsel's no merit report, but he did not. Because he did not, they are deemed waived. *State v. Tillman,* 251 Wis. 2d 157 (Ct. App. 2005) (defendant's failure to raise issues in response to

counsel's no merit report constitutes a waiver of those issues). Defendant is barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 169, 178 (1994), from pursuing the current motion for postconviction relief. There is no reason why defendant could not have raised the current claims in response to counsel's no merit report on appeal . . . .

¶ 38.  Although we conclude that the circuit court correctly decided this motion, we think additional analysis is necessary.

¶ 39.  A defendant is not *required* to file a response to a no-merit report. Wis. Stat. § (Rule) 809.32(1). Consequently, the failure to file a response to a no-merit report is not fatal per se.

¶ 40.  On the other hand, a defendant who fails to file a response to a no-merit report is *not* in the same position as a defendant who has failed to file a Wis. Stat. § 974.02 motion or to pursue a direct appeal. A defendant who has *not* filed a § 974.02 motion or pursued a direct appeal is not burdened with the requirement of giving a sufficient reason why the claims being raised were not raised before. *Lo*, 264 Wis..2d 1, ¶ 44, n. 11 (citing *Loop v. State*, 61 Wis. 2d 499, 222 N.W.2d 694 (1974)). The purpose behind Wis. Stat. § 974.06 is to avoid *successive* motions for relief by requiring a defendant to raise all grounds for relief in one motion. *State v. Robinson*, 177 Wis. 2d 46, 52, 501 N.W.2d 831 (Ct. App. 1993) (citation omitted). This purpose is not served when there has been no previous motion or appeal.

¶ 41.  A no-merit appeal clearly qualifies as a previous motion under § 974.06(4). Therefore, a defendant may not raise issues that could have been raised in the previous no-merit appeal, absent the defendant demon-

strating a sufficient reason for failing to raise those issues previously. *Tillman,* 281 Wis. 2d 157, ¶ 19. Hence, the real issue in this case is whether Allen demonstrated a sufficient reason for failing to raise in a timely response to the 2000 no-merit report the three claims related to ineffective assistance of postconviction counsel that he set out in his 2007 motion.

¶ 42. In his brief to this court, Allen appears to rely on three allegedly "sufficient reasons" for failing to raise his current claims back in 2000 in response to the no-merit report: (1) his unawareness of the claims at the time of the no-merit proceedings; (2) the fact that he is not required to respond to the no-merit report; and (3) ineffective assistance of counsel. We address these reasons in turn.

## 1. Unawareness of His Claims

¶ 43. Allen first argues that he was unaware of the claims raised in his § 974.06 motion at the time of no-merit appeal, and that his unawareness constituted a sufficient reason for not raising the claims in a response to the no-merit report. However, Allen's motion does not demonstrate that he was unaware of either the legal or factual basis for his claims.

¶ 44. With respect to his legal claim, Allen relies upon *State v. Howard,* 211 Wis. 2d 269, 564 N.W.2d 753 (1997), to support his contention that he was unaware of the issues raised in his § 974.06 motion at the time of his no-merit appeal. *Howard* is inapposite. It held that, where a subsequent supreme court decision "constituted a new rule of substantive law," the defendant's lack of awareness of the legal basis for his claim could constitute a sufficient reason for not having raised the claim earlier. *Id.* at 287–88. There is no question that

*Strickland v. Washington*, 466 U.S. 668 (1984), which forms the legal basis for Allen's ineffective assistance of counsel claims, was established law at the time of his no-merit appeal. Allen does not point to any change in law that has made him aware of a claim now that he was not aware of at the time of his 2000 appeal.

¶ 45.   Allen also has failed to demonstrate that he was unaware of the factual bases for his claims at the time of his no-merit appeal.

¶ 46.   First, Allen's assertion of ignorance of his claims is not supported in the text of his § 974.06 motion. Nowhere in his motion does he allege that he was unaware at the time of his direct appeal of the claims he now makes. Defendants must, at the very minimum, allege a sufficient reason in their motions to overcome the *Escalona-Naranjo* bar.

¶ 47.   Second, Allen does not allege any facts outside the record that, if proved, would provide a sufficient reason for not raising the issues in a response to the 2000 no-merit report. He supports his allegations primarily with citations to the record. The only supporting documents he attached to his § 974.06 motion were (1) a letter from the Milwaukee County Circuit Court stating that no warrant was in a file; and (2) a page from a supplemental police report stating that a temporary felony warrant had been issued for Allen. Neither of these documents supports the conclusion that Allen was unaware of the ineffective assistance of counsel claim at the time of his direct appeal.

¶ 48.   The record itself belies Allen's argument that he was unaware of his claims. All three allegations involve events in which Allen was personally involved and had personal knowledge.

¶ 49.   First, Allen was aware of the circumstances of his own arrest on May 15, 1995, and would have had

some insight into whether police had a warrant. Allen's attorneys raised several Fourth Amendment issues throughout the case. It is hard to believe that Allen never inquired whether a warrant existed, if there were any doubts about its existence.

¶ 50.   Second, Allen was fully aware of his present *claim* that the lineup violated his right to counsel. This is conclusively demonstrated by the fact that Allen requested counsel at the time of the lineup.

¶ 51.   Third, Allen was aware of the *claim* that evidence of his refusal to participate in the lineup was improperly admitted. Allen's trial attorney, Carl Ashley, argued prior to trial that the court should not permit the admission of any evidence regarding Allen's behavior during the lineup. Allen was present in court when this argument was made.

¶ 52.   The record reflects numerous motions brought by nine different trial attorneys. Allen's multiple letters to the court—many of which are lengthy and articulate—portray Allen as a relatively savvy and experienced defendant. By themselves, these facts do not contradict his argument that he did not know of his claims, but they tend to support the conclusion that he has failed to adequately show his ignorance of these claims as a sufficient reason for failing to raise the claims in a response to the no-merit report.

2.   Requirement of Responding to the No-Merit Report

¶ 53.   Allen's second argument is that his motion is not barred by *Escalona-Naranjo* because he was not required to respond to the no-merit report. Although he brings this argument as a "sufficient reason," Allen's argument cuts somewhat deeper. He argues that apply-

ing *Escalona-Naranjo* to these circumstances conflicts with the right to counsel on appeal because it requires him to respond to the no-merit report or forfeit his claims.

¶ 54.   Once again, a defendant is not required to file a response to the no-merit report. Wis. Stat. § 809.32(1).

¶ 55.   However, the *fact* that a defendant does not file a response to a no-merit report is not, by itself, a sufficient reason to permit the defendant to raise new Wis. Stat. § 974.06 claims. If it were, no defendant would ever be required to demonstrate a sufficient reason for failing to respond to a no-merit report. A defendant could sit on his hands, with full knowledge of meritorious issues, and wait to make his claims in a future motion.

¶ 56.   The dichotomy posed by Allen—a claim brought to the court of appeals' attention versus a claim not raised and thereby forfeited—does not adequately portray the nature of the no-merit process. A close examination of the no-merit process is necessary to explain why defendants must show a sufficient reason for failing to raise an issue in a response to a no-merit report.

¶ 57.   In a direct appeal brought pursuant to Wis. Stat. § (Rule) 809.30, certain rules of forfeiture apply. The court of appeals does not seek out issues in a direct appeal. It will generally address only those issues raised on appeal. *See Riley v. Hamilton,* 153 Wis. 2d 582, 588, 451 N.W.2d 454 (Ct. App. 1989); *see also State v. Flynn,* 190 Wis. 2d 31, 39 n.2, 527 N.W.2d 343 (Ct. App. 1994) (court will not address issues inadequately briefed or issues raised but not further argued). Therefore, on a direct appeal, an issue may be "forfeited," in the sense

23

that no court ever addresses it, and the defendant is then normally barred from raising it in a subsequent § 974.06 motion.[7]

¶ 58.   Unlike defendants on direct appeal under Wis. Stat. § (Rule) 809.30, defendants in a no-merit appeal under § 809.32 need not bring issues to the court's attention for the court to address them. To follow the constitutional requirements of *Anders,* the court must perform a "full examination of all the proceedings" to search for any "legal points arguable on their merits." *Anders,* 386 U.S. at 744. If the court fails to do so, the defendant has been denied the right to effective appellate counsel. Therefore, when an issue is not raised in the no-merit report or in a response to the no-merit report, it is not "forfeited" in the sense that the defendant has given up or lost the opportunity to have it reviewed. Rather, the defendant obtains review of the issue—sufficient review to determine that the issue is not of arguable merit—*so long as the court of appeals follows the process set out in Anders. See Tillman,* 281 Wis. 2d 157, ¶ 20.

¶ 59.   For these reasons, it is incorrect to say that a defendant *must* raise an issue in a response to a no-merit report or forfeit it. In a sense, he "raises" the issue either way. However, whether he responds to a no-merit report or not, he is barred from raising a claim in a subsequent § 974.06 motion, absent a sufficient reason. Motions that were "finally adjudicated" in the original proceeding are barred just as much as motions

---

[7] In *State v. Tillman,* the court of appeals skillfully analyzed this aspect of the direct appeal process to support its conclusion that the no merit procedure is not "too perfunctory as a matter of law to permit the application of Wis. Stat. § 974.06(4)." *State v. Tillman,* 2005 WI App 71, ¶ 18, 281 Wis. 2d 157, 696 N.W.2d 574.

that were "not so raised" in the original proceeding. Wis. Stat. § 974.06(4); *Escalona,* 185 Wis. 2d at 181. Whereas a defendant who fails to raise an issue in a direct appeal under Wis. Stat. § (Rule) 809.30 gets *no* review of the issue by the court of appeals, a defendant who fails to raise an issue in a response to a no-merit report gets *some* review: enough review to determine that the issue is not of arguable merit.

¶ 60.  In theory, Allen obtained the same review under § 809.32 without a response to the no-merit report as he would have obtained if he had filed a response identifying specific issues, and a better review than the defendant who follows the direct appeal process under § 809.30 but does not raise certain issues. *See Tillman,* 281 Wis. 2d 157, ¶ 18 (explaining that "in some facets, the no merit procedure affords a defendant greater scrutiny of a trial court record and greater opportunity to respond than in a conventional appeal").

¶ 61.  Of course, a defendant certainly *should* raise any issues he is aware of in his response, because doing so will decrease the chance that the court of appeals will overlook an issue of arguable merit. As recognized in *Fortier,* mistakes happen. *Fortier,* 289 Wis. 2d 179, ¶ 27. Performing a detailed review of the record, particularly a record that may involve detailed trial transcripts, is a complicated and difficult task, prone to mistakes by even the most diligent counsel and most meticulous judge. A defendant does himself no harm by raising potential issues. But, to reiterate, so long as the court of appeals follows the no-merit procedure required in *Anders,* a defendant is barred (absent a sufficient reason) from raising issues in a future Wis. Stat. § 974.06 motion, whether or not he raised them in a response to a no-merit report, because the court will have performed an examination of the record and

determined that any issues noted or any issues that are apparent, to be without arguable merit.

¶ 62. There is a necessary corollary to this proposition. The *Escalona-Naranjo* bar may be applied to a no-merit review only when the no-merit procedures are properly followed by the court of appeals. A defendant gets review of issues not raised only if the court of appeals follows the no-merit protocol. Thus, we agree with the holding of *Tillman* that a court reviewing a § 974.06 motion after a no-merit appeal must consider whether the no-merit procedures (1) were followed; and (2) warrant sufficient confidence to apply the procedural bar of *Escalona-Naranjo*. *Tillman*, 281 Wis. 2d 157, ¶ 20.

¶ 63. If the no-merit procedure was followed, then it is irrelevant whether Allen raised his claims. He got review of those claims from the court of appeals, and he is barred from raising them again. If it was not followed, it is similarly irrelevant whether Allen raised his claims. His failure to raise them may or may not have contributed to the court of appeals' failure to identify issues of arguable merit. But the court of appeals and appellate counsel *should* have found them, irrespective of whether Allen raised them, and he may not be barred under those circumstances from bringing a subsequent § 974.06 motion if the no-merit procedure was not followed.

¶ 64. In sum, a defendant will often provide "sufficient reason" to make new § 974.06 claims by showing that his counsel and the court of appeals did not follow no-merit procedure.

¶ 65. As noted above, no merit procedures have been expanded significantly, as set out in present Wis. Stat. § (Rule) 809.32(1) (2007–08). No-merit procedure

requires that "the attorney *shall* discuss with the person all potential issues identified by the attorney *and the person,* and the merit of an appeal on these issues." Wis. Stat. § (Rule) 809.32(1)(b)1. (emphasis added). "The attorney *shall* inform the person that if a no-merit report is filed the attorney will serve a copy of the transcripts and the circuit court case record upon the person *at the person's request."* Wis. Stat. § (Rule) 809.32(1)(b)2. (emphasis added). The attorney is required to file a detailed certification of these protections with the attorney's no-merit report. Wis. Stat. § (Rule) 809.32(1)(c).

¶ 66.  Today, an alleged and demonstrated *failure* to comply with these detailed no-merit procedural requirements provides a sufficient reason to permit new issues to be raised.

¶ 67.  A more difficult question is presented by the failure of either no-merit counsel or the court of appeals to address an issue of arguable merit. *Anders* explains that an issue of arguable merit is an issue that is not frivolous. *Anders,* 386 U.S. at 744. However, "arguable merit is not synonymous with actual merit." *Hepp,* 314 Wis. 2d 112, ¶ 16. "Therefore, it is possible that counsel could miss an issue of arguable merit without prejudicing the defendant, if the issue would ultimately have failed." *Id.*

¶ 68.  In its penetrating analysis of the no-merit dilemma, the court of appeals wrote in *Hepp:*

> *Fortier* is best understood as concluding that counsel's failure to raise an *arguably meritorious* issue in a no-merit report is a "sufficient reason" under *Escalona-Naranjo* for the defendant's failure to raise the issue in a response, thus preventing the no-merit procedure from serving as a procedural bar in a subsequent Wis. Stat. § 974.06 motion, regardless of whether counsel's

failure met both the deficient performance and preju-
dice standards of an ineffective assistance claim.

*Hepp,* 314 Wis. 2d 112, ¶ 16.

¶ 69.   This view is consistent with the language in
*Anders,* but it does not address several important
realities.

¶ 70.   The timing of a § 974.06 motion and the
actual merit of the motion may be important consider-
ations.

¶ 71.   A defendant who files no response to a
no-merit report might reasonably expect the court of
appeals to address an issue of arguable merit, especially
an issue of actual merit. If the court of appeals fails to
discuss an issue of actual or arguable merit, however,
the defendant has the opportunity to file (1) a motion
for reconsideration of the decision under Wis. Stat.
§ (Rule) 809.32(1); (2) a petition for review with this
court; or (3) an immediate Wis. Stat. § 974.06 motion,
identifying any issue of arguable merit that was over-
looked and, in the latter instance, explaining why
nothing was said in a response to the no-merit report.

¶ 72.   Delay in these circumstances can seldom be
justified. The court of appeals presumably considered
all issues of arguable merit and resolved them against
the defendant, even though it did not spell out every-
thing in its opinion. This can be explained promptly by
the court of appeals if the defendant acts promptly. If
the court of appeals missed an issue, it would be
required to address that issue, according to no-merit
procedure, and address the issue promptly. Failure of a
defendant to respond to both a no-merit report *and* the
decision on the no-merit report firms up the case for
forfeiture of any issue that could have been raised.

¶ 73. Delay can also wreak havoc. In the *Fortier* case, the defendant waited more than three and a half years after the decision on the no-merit appeal before filing his § 974.06 motion. *Fortier,* 289 Wis. 2d 179, ¶¶ 11–12. Waiting three and a half years before seeking a sentence reduction is one thing; waiting three and a half years before seeking a new trial is quite another. The existence of an arguably meritorious issue does not provide a sufficient reason for waiting many years to raise an issue that could have been raised earlier. Here, the delay was seven years.

¶ 74. The actual merit of a § 974.06 motion is much easier to handle when the remedy sought is relatively easy to effect. For instance, Fortier sought a reduction in his sentence, claiming that his no-merit counsel had failed to object in the no-merit report that Fortier's sentence had been improperly raised. *Id.,* ¶ 25. Fortier later asked for sentence reduction. *Id.,* ¶ 13. This presented not only an issue of arguable merit, but also a remedy easily effected. Contrast Fortier's request with Allen's request for a redo of his 1998 trial.

¶ 75. We pose these considerations in response to the *Hepp* analysis. We are not required to apply them definitively in a case in which no issue of arguable merit has been raised.

¶ 76. Allen's entire argument presupposes that the issues presented here are of arguable merit. They are not.

¶ 77. Allen's claim that his arrest was illegal is unsupported by the record; one of the documents he has produced suggests that the police department did in fact have a warrant for his arrest.[8] A second document

---

[8] One of the documents submitted by Allen is a page from a police report labeled "Supplemental Report" that states: "A

suggests no more than that a copy of this warrant was not found in a particular file.

¶ 78.   His second claim, that the lineup was conducted in violation of the Sixth Amendment, is also not of arguable merit. *See State v. Taylor*, 60 Wis. 2d 506, 524, 210 N.W.2d 873 (1973) (no right to counsel in pre-indictment lineup).

¶ 79.   Finally, Allen's claim that counsel should have objected to testimony regarding his refusal to participate in the lineup was specifically rejected by the court of appeals in its no-merit decision in 2000. The court of appeals concluded that the issue of the admission of evidence regarding his refusal to participate in the lineup was without arguable merit. This circumstance is analogous to the circumstance in *Tillman,* where the defendant's § 974.06 claim was "simply a resurrection of his prior arguments," the factual bases of which were specifically rejected in the no-merit decision. *Tillman,* 281 Wis. 2d 157, ¶¶ 23–24.

¶ 80.   Beyond these specific deficiencies, Allen does nothing to shake our confidence that the court of appeals properly followed the no-merit procedure.

¶ 81.   In 2000 the court of appeals stated:

> Upon concluding our independent review of the record as mandated by *Anders [v. California]* and Wis. Stat. Rule 809.32(3), we further determine that there are no

temporary felony warrant has been filed for Aaron A. Allen, B/M, DOB: 02–02–68, for his involvement in this offense." It is unclear whether this document was part of the record reviewed by the no-merit report, although the trial transcript reveals that an arrest report and a police report were put into the record as trial exhibits. If this document was in the record reviewed by the court of appeals in the no-merit appeal, it further confirms the court's conclusion that there were no issues of arguable merit.

other meritorious issues presented by this case and that further proceedings would lack arguable merit.

*State v. Allen,* No. 1999AP2818, unpublished order (Wis. Ct. App. August 1, 2000).

¶ 82. It is of course difficult for us to know the nature and extent of the court's examination of the record when the court does not enumerate possible issues that it reviewed and rejected in its no-merit opinion. Nonetheless, we think we are entitled to rely on the court of appeals when it asserts that it has conducted the independent review "mandated by *Anders.*" This is necessary for two reasons. First, we cannot assume that the court of appeals disregarded its duties under *Anders* when deciding a no-merit appeal. Second, any other rule would effectively eliminate the *Escalona-Naranjo* bar after a no-merit appeal, lest the court deciding the no-merit appeal be forced to specifically identify and reject the nearly infinite number of issues without arguable merit that are present in any trial transcript.

¶ 83. The defendant has the burden of proof in a § 974.06 motion. Wis. Stat. § 974.06(6). This suggests to us that a defendant must do more than identify an issue of arguable merit that the court of appeals did not discuss. To satisfy the "sufficient reason" standard, the defendant must do something to undermine our confidence in the court's decision, perhaps by identifying an issue of such obvious merit that it was an error by the court not to discuss it. Allen's motion failed to do so.

3. Ineffective Assistance of Counsel

¶ 84. This brings us to ineffective assistance of counsel. Allen argues that ineffective assistance of counsel constitutes a sufficient reason for failing to

31

raise the issues in a response to his no-merit report. This argument is unsupported by his motion and the record.

¶ 85. *Rothering* correctly held that ineffectiveness of postconviction counsel *may* constitute a sufficient reason as to why an issue that could have been raised on direct appeal was not. *Rothering,* 205 Wis. 2d at 682. If the defendant alleges that he did not raise an issue because of ineffective postconviction counsel, "[t]he trial court can perform the necessary factfinding function and directly rule on the sufficiency of the reason." *Id.*

¶ 86. Once again, Allen's argument is unsupported by the text of his motion. The motion is replete with conclusory allegations that postconviction counsel was ineffective. But he does not allege any facts that, if proved, would constitute deficient performance, nor does he allege any facts that, if proved, would constitute prejudice.

¶ 87. Furthermore, Allen's motion does not allege a reason why the failure of postconviction counsel to bring a postconviction motion prevented him from raising the issue in a response to the no-merit report. He supports his allegations primarily with citations to the record. His motion did not include, for example, any allegations of off-the-record discussions with counsel that might demonstrate a sufficient reason for not raising a claim in a response to the no-merit report. Nor did he put the no-merit report itself—which may have contained relevant information—in the record.

¶ 88. Allen's brief suggests that Allen may have had a "sufficient reason" because it is unresolved whether the court of appeals could even address ineffective assistance of counsel in a no-merit appeal when the issue is not preserved by a postconviction motion.

The Seventh Circuit has interpreted Wisconsin law to mean that the court cannot address ineffective assistance of counsel in that circumstance. *See Page v. Frank,* 343 F.3d 901 (7th Cir. 2003). However, the broad scope of review mandated by *Anders* suggests that the court of appeals in a no-merit appeal should identify issues of arguable merit even if those issues were not preserved in the circuit court, especially where the ineffective assistance of postconviction counsel was the reason those issues were not preserved for appeal.[9]

¶ 89. If Allen's motion had presented even a colorable claim that trial counsel was ineffective and provided specific reasons why postconviction counsel was ineffective for failing to bring a postconviction motion, this court might be required to address the issue. But the allegations in Allen's motion are insufficient to overcome the bar of *Escalona-Naranjo,* regardless of how we might decide this issue.

¶ 90. "We need finality in our litigation." *Escalona-Naranjo,* 185 Wis. 2d at 185. This basic principle is undermined if we allow conclusory allegations that postconviction counsel was ineffective to constitute a sufficient reason for failing to raise an issue in a response to a no-merit report. The fact that Allen brought claims seven years after his appeal without any reason for not having raised them earlier simply emphasizes the need to uphold this principle of finality.

¶ 91. Whatever reason the defendant offers as a "sufficient reason"—ignorance of the facts or law under-

---

[9] Although not in effect at the time of Allen's no-merit appeal, Wis. Stat. § 809.32(1)(g) (2007–08) now permits the court of appeals to remand for an evidentiary hearing if the defendant and attorney allege disputed facts not in the record and that the defendant's alleged facts, if true, would make disposition under § 809.32(3) inappropriate.

lying the claim, an improperly followed no-merit proceeding, or ineffective assistance of counsel—the defendant must allege specific facts that, if proved, would constitute a sufficient reason for failing to raise the issues in a response to a no-merit report. If a defendant fails to do so, the circuit court should summarily deny the motion, as the circuit court appropriately did.

## IV. CONCLUSION

¶ 92. We conclude, following Wis. Stat. § 974.06, that a defendant is not *required* to file a response to a no-merit report. This means he is not *required* to raise issues in response to a no-merit report. However, a defendant may not raise issues in a subsequent § 974.06 motion that he could have raised in a response to a no-merit report, absent a "sufficient reason" for failing to raise the issues earlier in the no-merit appeal. The fact that the defendant is not required to file a response to a no-merit report is not, by itself, a sufficient reason to permit the defendant to raise new § 974.06 claims.

¶ 93. Here, we conclude that Allen's 2007 postconviction motion is barred by § 974.06(4) and *Escalona-Naranjo*. Allen's § 974.06 motion is based entirely on issues that he could have raised in a response to his appellate counsel's no-merit report. He has not alleged a sufficient reason for failing to raise the issues in his § 974.06 motion in a response to the earlier no-merit report. The record here reflects that the court of appeals properly followed no-merit procedure in 2000 and its decision carries a sufficient degree of confidence warranting the application of the *Escalona-Naranjo* bar to the issues presented in this motion. We therefore affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 94. SHIRLEY S. ABRAHAMSON, C.J. (*concurring*). This case illustrates the legal house of mirrors that postconviction procedure in Wisconsin has become.

I

¶ 95.  The court ordered the petitioner to address three issues in the present case. Reviewing these issues, and the way in which the majority resolves them, highlights what is and is not being decided in this case, and hints at what is at stake.

¶ 96.  The first issue raised by the court was "whether the no-merit procedure requires a defendant to file a response to avoid waiver of subsequent claims of error."

¶ 97.  The majority answers this question "no." The majority treats the no-merit procedure as equivalent to a "motion" for purposes of Wis. Stat. § 974.06(4).[1] Thus, a defendant may not raise issues in a subsequent Wis. Stat. § 974.06 motion that he could have raised in response to a no-merit report absent a sufficient reason.[2] The majority treats the defendant who responds to a no-merit report the same as a defendant who does not respond.[3]

---

[1] *See* majority op., ¶ 41 ("A no-merit appeal clearly qualifies as a previous motion under § 974.06(4)."). Elsewhere in the opinion, the majority suggests what to me is a potentially simpler explanation for application of the procedural bar to a no-merit appeal based on the text of Wis. Stat. § 974.06(4). Issues raised in a no-merit procedure are considered "finally adjudicated." *See* majority op., ¶ 59. In other words, the defendant "got review of those claims from the court of appeals" at the time of the no-merit appeal.

[2] Majority op., ¶ 4.

[3] *See* majority op., ¶¶ 59–60.

¶ 98. In contrast, I conclude that whatever its idiosyncrasies, a no-merit procedure is a direct appeal under the law, albeit "a different breed of appeal."[4] I conclude that the *Escalona-Naranjo* procedural bar applies to the defendant in this case. It is well-established that a defendant proceeding under Wis. Stat. § 974.06 "requires a *sufficient reason* to raise a constitutional issue in a § 974.06 motion that could have been raised on direct appeal." *State v. Escalona-Naranjo,* 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994); Wis. Stat. § 974.06(4).

¶ 99. The second issue raised by the court was "whether appointed counsel is required to advise the defendant that a response to a no-merit report is necessary to preserve claims for further review."

¶ 100. The majority answers this question by stating, "An attorney must discuss with the defendant the defendant's rights on appeal, including the option to file a no-merit report. *State ex rel. Flores v. State,* 183 Wis. 2d 587, 607, 516 N.W.2d 362 (1994)."[5] The major-

---

[4] *State v. Tillman,* 2005 WI App 71, ¶ 20, 281 Wis. 2d 157, 168, 696 N.W.2d 574.

[5] Majority op., ¶ 20. *State ex rel. Flores v. State,* 183 Wis. 2d 587, 607, 516 N.W.2d 362 (1994), cited by the majority, states:

Information about the No Merit option only becomes necessary when the No Merit option becomes relevant to the defendant's decision as how to exercise the right of appeal. Information about a No Merit report is not necessary when the defendant does not desire to pursue an appeal. *See, e.g., Jones v. Estelle,* 584 F.2d 687, 691 (5th Cir. 1978). As pointed out by the amicus brief from the Office of State Public Defender, there are many possible reasons why a defendant may wish to forego any appeal which are unrelated to the specific avenues of appeal available. For instance, a criminal defendant may wish to forego an appeal even when there is arguable merit rather than to be exposed to the possibility

ity doesn't otherwise answer the question. Because the no-merit procedure now decisively triggers the procedural bar, which affects the defendant's rights on further review, I conclude that counsel must discuss with the defendant the consequences of the no-merit procedure.

¶ 101.  The third issue raised by the court is "whether to require a defendant to file a response to a no-merit report conflicts with a right to counsel on direct appeal."

¶ 102.  The majority concludes that because a defendant is not required to file a response to a no-merit report, no conflict with the right to counsel on direct appeal exists. I address this question later.

II

¶ 103.  A no-merit procedure is an appeal. When the court of appeals determines under Wis. Stat. § (Rule) 809.32(3) that further appellate proceedings would be frivolous and would lack arguable merit, the court of appeals shall affirm the judgment of conviction. Allen has had what is in effect a final adjudication of the judgment of conviction on the direct appeal. Therefore, the procedural bar applies under *Escalona-Naranjo* and *State v. Lo,* 2003 WI 107, 264 Wis. 2d 1, 665 N.W.2d 756.

¶ 104.  That is not to say, however, that the no-merit procedure is what one normally thinks of as an appeal. Under Wis. Stat. § (Rule) 809.32(1), the no-merit report is filed when the defendant either requests it or when the defendant declines to consent to have his

of a greater penalty on resentencing or the resurrection of dismissed charges should the appeal succeed. Or the defendant may not wish to appeal based upon any number of personal, practical, or even idiosyncratic reasons.

or her attorney close the file without further representation. For all practical purposes, the representation in which the lawyer served as the client's zealous advocate is at an end when the no-merit report is filed.

¶ 105. The no-merit procedure has been adopted as a practical way to balance the right to effective assistance of counsel with an attorney's ethical obligation not to advance frivolous arguments before the court. *See Anders v. California,* 386 U.S. 738, 744 (1967) (implemented in Wisconsin under Wis. Stat. § (Rule) 809.32); *McCoy v. Court of Appeals of* Wis., 486 U.S. 429 (1988). *See also State v. Parent,* 2006 WI 132, ¶¶ 19–21, 298 Wis. 2d 63, 725 N.W.2d 915. In the no-merit procedure, the court of appeals "conducts its own scrutiny of the record to see if there are any potential appellate issues with arguable merit." *Parent,* 298 Wis. 2d at 77, ¶ 21.

¶ 106. The majority emphasizes that the court of appeals performs a "full examination of all the proceedings" in the no-merit procedure, majority op., ¶ 58, and quotes *State v. Tillman,* 2005 WI App 71, ¶ 19, 281 Wis. 2d 157, 696 N.W.2d 574, which asserted that "in some facets, the no merit procedure affords a defendant greater scrutiny . . . than in a conventional appeal." *See* majority op., ¶ 31 (quoting *Tillman,* 281 Wis. 2d 157, ¶ 18).

¶ 107. I agree with the majority that the court must rely on the court of appeals' no-merit decision, up to a point, for purposes of evaluating the procedural bar issue. *See* majority op., ¶¶ 63, 82. I agree that a demonstrated failure to comply with the no-merit procedure provides a "sufficient reason" to permit new issues to be raised in a Wis. Stat. § 974.06 motion. Majority op., ¶ 66.

¶ 108. In my view, however, one should not overstate the benefits or robustness of the no-merit procedure in comparison to an appeal in which the defendant remains represented by counsel who raises and argues non-frivolous issues on the defendant's behalf.

¶ 109. Normally in our court system, "[a] fair adversary process presupposes both a vigorous prosecution and a vigorous defense." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n,* 434 U.S. 412, 419 (1978). "[T]he adversarial process protected by the Sixth Amendment requires that the accused have 'counsel acting in the role of an advocate.'" *United States v. Cronic,* 466 U.S. 648, 656 (1984) (quoting *Anders,* 386 U.S. at 743). http:// scholar. google.com/scholar_case?case=868429855339617087&q =Cronic,+466+us+648&hl=en&as_sdt=40000000000 0002. In a no-merit procedure, the defendant has no independent advocate: there is no adversarial proceeding. The court departs from the usual adversarial principles in a no-merit procedure.

¶ 110. Moreover, as a practical matter, the court of appeals reviews a paper record of the case. If the defendant's case presents potential issues that depend on information not contained in the record—for instance, a suppression motion that was not brought or evidence that was not considered or introduced at trial—then it is effectively impossible for the court of appeals to identify or address those issues adequately. So courts should not too hastily rely on a court of appeals' no-merit decision without actually evaluating whether issues raised in a Wis. Stat. § 974.06(4) motion could have been "raised" and evaluated by the court of appeals in the no-merit procedure.

¶ 111. In light of these considerations I am not persuaded that it is equitable to treat the no-merit case

different from the case in which no appeal has been filed. The defendant who never files a § 974.02 motion or takes a direct appeal is not subject to the procedural bar; the defendant in a no-merit procedure is. Majority op., ¶ 40. Yet, as far as the "no merit" defendant is concerned, he has not had the opportunity for an appeal in which he is represented by counsel.

## III

¶ 112.  The basic idea of the procedural bar following *Escalona-Naranjo* is that absent a "sufficient reason," defendants may not raise issues that could have been raised in a previous motion or on direct appeal. *Escalona-Naranjo,* 185 Wis. 2d at 185. In other words, according to the majority at ¶ 3, "the question at hand is whether Allen is barred from raising issues in his § 974.06(4) motion." Many pages later one discovers that the answer to whether Allen is "barred" from raising issues in his § 974.06(4) motion depends on an examination of what those issues are. *See* majority op., ¶¶ 76–79.

¶ 113.  In other words, in order to decide whether the court should evaluate the merits of the defendant's constitutional claims, the court first must evaluate the merits of the constitutional claims. In my view, this double-refracted way of looking at the constitutional issues is a perfectly emblematic result of the convolutions that have been wrought in Wisconsin's postconviction procedure under Wis. Stat. § 974.06.[6]

---

[6] *See Escalonja-Naranjo,* 185 Wis. 2d at 196 (Abrahamson, J., dissenting) ("[I]n the states that have apparently adopted the majority's approach . . . the litigation has merely shifted the court's attention from the merits of the constitutional claim to

¶ 114. The majority suggests that to meet the burden of proof on a Wis. Stat. § 974.06 motion following a no-merit procedure, the defendant should identify "an issue of such obvious merit that it was an error by the court [of appeals] not to discuss it." *See* majority op., ¶ 83.

¶ 115. It is not "obvious" what the majority means by "obvious merit." Since it is the obligation of the court of appeals in a no-merit procedure to determine whether the issues are "without any *arguable* merit," Wis. Stat. § 809.32(3), majority op., ¶ 21, the court of appeals errs when it overlooks issues of "arguable merit," not when it overlooks issues of "obvious merit." The majority's passing articulation of a new "obvious merit" standard appears to draw a new line between those issues the court of appeals must actually "discuss" and issues the court of appeals may resolve tacitly.

¶ 116. When I apply the new rules set forth in the majority opinion, I concur in the mandate.

¶ 117. I am not persuaded that the procedure set forth in the majority opinion has provided judicial economy, simplicity, or finality.

¶ 118. For the reasons set forth, I write separately.

¶ 119. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.

———

arcane procedural issues. Rather than create a procedural morass, I would rather see courts deal with significant constitutional issues on their merits.").