COURT OF APPEALS
DECISION
DATED AND FILED

November 2, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1184**

Cir. Ct. No. 2013CF1363

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JEFFREY J. WICKMAN,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Brown County: MARC A. HAMMER, Judge. *Affirmed in part; reversed in part and cause remanded for further proceedings*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Jeffrey Wickman, pro se, appeals from an order denying without a hearing his postconviction motion for plea withdrawal based on alleged ineffective assistance of counsel or, in the alternative, for resentencing based upon an illegal sentence.  We conclude that the circuit court properly denied Wickman's plea withdrawal motion without a hearing, but that Wickman was entitled to resentencing.  Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

## BACKGROUND

¶2      The State charged Wickman with first-degree intentional homicide; burglary of a dwelling; burglary with a dangerous weapon; theft of movable property; and possession of a firearm by a felon, with repeater allegations for all but the homicide charge.  Wickman pled no contest to the firearm count while the other charges were still pending trial, and he does not challenge that conviction on appeal.  Wickman subsequently pled no contest to a reduced homicide charge of felony murder, as a repeat offender, in exchange for the State's agreement to recommend dismissal of the remaining charges, with the burglary and theft charges being read in.  The circuit court accepted Wickman's plea following a thorough colloquy that Wickman also does not challenge.  As relevant here, the court then imposed a sentence of twenty-seven years' initial confinement and nine years' extended supervision on the felony murder count.

¶3      Wickman's postconviction counsel filed a no-merit appeal under WIS. STAT. RULE 809.32 (2019-20)[1] on Wickman's behalf.  This court rejected

_____

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

counsel's no-merit report after identifying potentially meritorious issues relating to the length of the extended supervision component of Wickman's sentence and to the DNA surcharge. We then dismissed the no-merit appeal without prejudice and reinstated the time for Wickman to file a postconviction motion under WIS. STAT. RULE 809.30, with a filing deadline of June 16, 2016. We explicitly noted that Wickman's subsequent pursuit of postconviction relief would not be limited to the grounds discussed in our order.

¶4     Wickman failed to file a postconviction motion under WIS. STAT. RULE 809.30 within the time period provided by this court. More than four years after the dismissal of his no-merit appeal, Wickman filed a pro se motion under WIS. STAT. § 974.06 seeking plea withdrawal or, in the alternative, resentencing based upon the extended supervision issue previously identified by this court. The circuit court denied the motion without a hearing. It concluded that the motion was procedurally barred because Wickman did not provide an adequate reason why the motion should be heard after Wickman missed the reinstated RULE 809.30 deadline provided by this court. Wickman now appeals, contending that he is entitled to a hearing on his postconviction motion.

## DISCUSSION

¶5     As a threshold matter, Wickman disputes the circuit court's determination that his claims were procedurally barred. Although the State does not explicitly concede the issue, it asks this court to decide the appeal on grounds other than the procedural bar employed by the circuit court. Because Wickman never had a merit appeal or postconviction motion under WIS. STAT. RULE 809.30, and because counsel's no-merit report under WIS. STAT. RULE 809.32 was rejected and the no-merit appeal was dismissed without prejudice, we conclude that there

was no procedural bar to Wickman raising his claims for the first time in a postconviction motion under WIS. STAT. § 974.06. Rather, Wickman was in the same position as any other defendant whose time to file a postconviction motion under RULE 809.30 has expired—the precise situation to which § 974.06 applies. Thus, Wickman was not required to provide any reason for his delay in seeking relief. *See State v. Aaron Allen*, 2010 WI 89, ¶40, 328 Wis. 2d 1, 786 N.W.2d 124.

**1. Plea Withdrawal**

¶6　In order to obtain a hearing on a postconviction motion, a defendant must allege material facts sufficient to warrant the relief sought. *State v. John Allen*, 2004 WI 106, ¶¶9, 36, 274 Wis. 2d 568, 682 N.W.2d 433. Non-conclusory allegations should present the "who, what, where, when, why, and how" with sufficient particularity for the court to meaningfully assess the claim. *Id.*, ¶23. In the context of a claim of ineffective assistance of counsel, that means the facts alleged would, if true, establish both that counsel provided deficient performance and that the defendant was prejudiced by that performance. *State v. Swinson*, 2003 WI App 45, ¶58, 261 Wis. 2d 633, 660 N.W.2d 12. No hearing is required, however, when the defendant presents only conclusory allegations or when the record conclusively demonstrates that the defendant is not entitled to relief. *State v. Sulla*, 2016 WI 46, ¶¶27-30, 369 Wis. 2d 225, 880 N.W.2d 659. We will independently determine whether the allegations in a plea withdrawal motion are sufficient to warrant an evidentiary hearing. *State v. Hendricks*, 2018 WI 15, ¶17, 379 Wis. 2d 549, 906 N.W.2d 666.

¶7　Wickman claimed in his postconviction motion that his trial counsel provided ineffective assistance, leading to a manifest injustice warranting plea

withdrawal. *See generally* **State v. Krieger**, 163 Wis. 2d 241, 249-51 & n.6, 471 N.W.2d 599 (Ct. App. 1991) (discussing manifest injustice standard). Wickman further asserted that he would have gone to trial on the original charges but for a series of alleged errors by counsel.

¶8      First, Wickman alleged that his trial counsel failed to advise him of the elements of the original first-degree intentional homicide charge. In conjunction with this allegation, Wickman asserted that he did not understand the elements of the offense—in particular, that the State would need to prove Wickman's mental intent. We note, however, that the element of intent is largely self-evident from the name of the offense, *intentional* homicide. Wickman's assertion that he did not understand that the State would need to prove such an obvious element is conclusory because Wickman did not explain what he mistakenly thought the State would need to prove. Moreover, the record conclusively demonstrates that Wickman was aware from the complaint and the preliminary hearing that the State contended Wickman had strangled the victim to death with a ligature. Wickman does not propose any theory under which such a manner of death could be anything other than intentional.

¶9      Wickman's allegation that his counsel failed to advise him about the elements of first-degree intentional homicide is also insufficient to demonstrate prejudice because it does not explain why Wickman otherwise would have chosen to go to trial. As the State points out, by entering a plea to the felony murder charge, Wickman admitted to his participation in the underlying burglary. If Wickman's proposed defense was that someone else intentionally killed the victim during a burglary in which Wickman knowingly participated, Wickman could still have been found guilty of intentional homicide as party to the crime or, at a minimum, of the same lesser-included felony murder charge to which he pled. If

Wickman's proposed defense was that the homicide occurred at a different time than the burglary, and that Wickman was not present when the victim was killed, the intent element would not even have been at issue.

¶10 Second, Wickman alleged that his trial counsel misinformed him that, if convicted of the original first-degree intentional homicide charge, Wickman would spend the rest of his life in prison without the possibility of release. Wickman claims counsel should instead have advised him that the circuit court could set an eligibility date for extended supervision after twenty years. We conclude this allegation is insufficient to demonstrate deficient performance by counsel, however, because counsel's advice was realistically sound. Given Wickman's age of forty-nine years, the heinous nature of the home invasion and murder, and the additional four charges Wickman was originally facing, Wickman was facing the strong probability of spending the rest of his life in prison if he went to trial. Counsel acted within the norms of professional responsibility by assessing the strength of the State's case and advising Wickman as to what the most likely sentence would be.

¶11 Third, Wickman alleged that his trial counsel failed to investigate or discuss with him possible defenses to the original homicide charge. Wickman points out that there were no fingerprints or DNA linking him to the victim's body or to the unrecovered ligature used to strangle the victim, and that the eyewitness did not report seeing Wickman wearing gloves. He asserts that counsel therefore should have obtained an expert witness to opine that, if Wickman had strangled the victim, there would be a "scientific certainty" of recovering Wickman's "personal identifiers" from the victim's body.

¶12   Once again, Wickman's allegations are conclusory because he offers only unsupported speculation as to what opinion an expert witness could have offered.  In any event, this was not a situation where forensic evidence was recovered from the victim's body that did not match Wickman.  Rather, no forensic evidence from the perpetrator was recovered from the body at all. Whether the lack of forensic evidence was statistically unusual would not have assisted the jury to determine whether Wickman or someone else had been the one to strangle the victim.  Therefore, counsel's failure to seek an expert opinion regarding the likelihood of leaving forensic evidence during strangulation was neither deficient performance nor prejudicial.

¶13   Wickman also contends that the victim's high blood alcohol level would have supported a theory of self-defense.  However, Wickman does not allege that he told counsel he killed the victim in self-defense.  Therefore, counsel would have no reason to investigate that theory.  In sum, none of Wickman's allegations regarding his trial counsel's performance were sufficient to warrant an evidentiary hearing on plea withdrawal.

## 2. Sentence

¶14   Finally, Wickman challenges the extended supervision portion of his sentence on the felony murder conviction.  The State responds that Wickman has failed to develop this issue by merely "parroting" this court's analysis from

7

Wickman's no-merit appeal.[2] However, Wickman's discussion sets forth a series of statutes and case law relevant to the issue in a coherent argument.

¶15 As Wickman correctly notes, the penalty for felony murder was "not more than 15 years in excess of the maximum term of imprisonment" for the underlying crime. *See* WIS. STAT. § 940.03 (2013-14). The crime underlying the felony murder charge in this case was armed burglary, with a maximum term of fifteen years' imprisonment. *See* WIS. STAT. §§ 943.10(2), 939.50(3)(e) (2013-14). Thus, the maximum penalty available on the felony murder charge, before applying the penalty enhancer for repeat offenders, was thirty years' imprisonment.

¶16 The maximum term of initial confinement for felony murder was seventy-five percent of the total imprisonment, or twenty-two and one-half years. WIS. STAT. § 973.01(2) (2013-14); *see **State v. Mason***, 2004 WI App 176, ¶¶10, 21, 276 Wis. 2d 434, 687 N.W.2d 526, *superseded by statute on other grounds* (treating felony murder as a stand-alone crime subject to the seventy-five percent rule, rather than as a penalty enhancer). The remaining seven and one-half years of the maximum imprisonment for felony murder was available for extended supervision. Sec. 973.01(2) (2013-14).

¶17 The penalty enhancer for repeat offenders added an additional six years to the maximum available imprisonment. *See* WIS. STAT. § 939.62(1)(c).

---

[2] The State observes that this court described the illegal sentence issue as "arguably meritorious" in our no-merit opinion, rather than "in fact meritorious." However, the only question before this court in a no-merit appeal is whether there is any issue of arguable merit. We would therefore frame our discussion of any meritorious issue in a no-merit appeal as being one having arguable merit.

However, no portion of a penalty enhancer can be imposed as extended supervision. *State v. Volk*, 2002 WI App 274, ¶2, 258 Wis. 2d 584, 654 N.W.2d 24. Therefore, Wickman reasons, the maximum available term of extended supervision for felony murder as a repeat offender was also seven and one-half years. *See State v. Kleven*, 2005 WI App 66, ¶¶26-27, 280 Wis. 2d 468, 696 N.W.2d 226. Based upon this analysis, Wickman contends that the circuit court's imposition of a term of nine years' extended supervision was illegal.

¶18 The State has offered no interpretation of the relevant statutes and cases under which the amount of extended supervision imposed here would be legal. We conclude that Wickman's interpretation of the statutes and cases is correct and that Wickman's sentence is illegal.

¶19 Wickman asks this court to commute the extended supervision component of his sentence to seven and one-half years. The State asks this court to remand the matter to the circuit court for resentencing. Consistent with *Volk* and *Kleven*, we will remand for resentencing.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.