COURT OF APPEALS
DECISION
DATED AND FILED

December 19, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1243**

Cir. Ct. No. **2015CF1197**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

HUANDRA J. MURRAY,

DEFENDANT-APPELLANT.

APPEAL from orders of the circuit court for Brown County: MARC A. HAMMER, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Huandra Murray, pro se, appeals an order denying his motion for postconviction relief and a subsequent order denying his motion for

reconsideration.  Murray argues that the circuit court erred by: (1) concluding he had failed to establish a **Brady**[1] violation; and (2) failing to hold the State in contempt for its alleged violation of a postconviction discovery order.

¶2      We conclude that Murray's **Brady** claim is procedurally barred.  We further conclude that the circuit court did not erroneously exercise its discretion by declining to hold the State in contempt.  We therefore affirm.

## BACKGROUND

¶3      The State charged Murray with multiple crimes based on allegations that he had attacked and sexually assaulted a woman with whom he lived and shared a child.  In September 2016, a jury found Murray guilty of second-degree sexual assault, false imprisonment, and second-degree recklessly endangering safety, but not guilty of misdemeanor battery and intimidation of a victim.  The circuit court imposed sentences totaling seven years' initial confinement followed by ten years' extended supervision, consecutive to another sentence that Murray was then serving.

¶4      Murray subsequently filed a postconviction motion for resentencing under WIS. STAT. RULE 809.30 (2021-22),[2] which the circuit court denied.  Murray then appealed both his judgment of conviction and the order denying his postconviction motion.  On appeal, however, Murray abandoned his claim that he was entitled to resentencing and instead argued that a comment the court made in

---

[1] *See **Brady v. Maryland**, 373 U.S. 83 (1963).*

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

front of the jury constituted plain error warranting a new trial. We rejected that argument and affirmed Murray's judgment of conviction.

¶5    In October 2020, Murray, pro se, filed a second postconviction motion "for [an] evidentiary hearing for a ***Brady*** violation."[3] (Formatting altered.) Murray alleged that in response to a pretrial discovery request filed by his trial attorney in the instant case, the district attorney's office had produced recordings of eight of his jail phone calls. He claimed, however, that the district attorney's office actually possessed recordings of "[h]undreds" of his jail phone calls and had provided those recordings to his probation agent "in order to get [him] revoked" in a separate case.

¶6    The circuit court initially denied Murray's postconviction motion by letter, without a hearing, explaining, "Nowhere in your submitted materials is there any suggestion that you have met the minimal requirements necessary for the court to hold an evidentiary hearing on a ***Brady*** violation." In response, Murray asserted that he was unable to prove the first component of a ***Brady*** violation— i.e., that the evidence at issue was favorable to him—without access to the recorded jail phone calls. Murray further claimed that the district attorney's office had "ignored" his repeated requests to turn over the recordings.

¶7    On January 25, 2021, the circuit court ordered the State to duplicate all of the recordings in its files and provide them to Murray. In response, the State sent Murray copies of the same eight phone calls that were previously provided to

---

[3] Murray characterized his October 2020 motion as arising under WIS. STAT. RULE 809.30. On appeal, the State asserts—and Murray concedes—that the motion was actually filed pursuant to WIS. STAT. § 974.06.

his trial attorney and introduced into evidence at trial. Murray then asked the court to find the State in contempt for failing to comply with the January 25, 2021 order. Murray again alleged that the district attorney's office had recordings of "hundreds" of his jail phone calls in its possession.

¶8    The circuit court ultimately held a hearing on Murray's postconviction motion and contempt motion. Following the hearing, the court determined that the district attorney's office "did not commit contemptible action" because it had given Murray all of the recordings in its possession. The court also denied Murray's *Brady* claim, concluding that Murray had failed to meet his burden to establish a *Brady* violation. Murray later filed a motion for reconsideration, which the court denied. This appeal follows.[4]

## DISCUSSION

### I. *Brady* claim

¶9    As discussed above, the circuit court denied Murray's *Brady* claim on the merits, concluding that Murray had failed to establish a *Brady* violation. We affirm the court's denial of the *Brady* claim on different grounds. *See State v. Smiter*, 2011 WI App 15, ¶9, 331 Wis. 2d 431, 793 N.W.2d 920 (2010) ("[W]e may affirm the circuit court's order on different grounds."). Namely, we agree with the State that the *Brady* claim is procedurally barred.

---

[4] Although Murray appeals both the order denying his postconviction motion and the order denying his motion for reconsideration, he does not develop any arguments on appeal specifically pertaining to the motion for reconsideration. Accordingly, we do not separately address the circuit court's denial of that motion.

¶10    When the time for pursuing postconviction relief or an appeal under WIS. STAT. § 974.02 has expired, a defendant may seek postconviction relief under WIS. STAT. § 974.06.  Sec. 974.06(1).  However, a defendant is precluded from raising any claim in a § 974.06 motion that could have been raised in a prior postconviction motion or on direct appeal, unless the defendant demonstrates a sufficient reason for his or her previous failure to raise the claim.  *See* § 974.06(4); *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 173, 181-82, 517 N.W.2d 157 (1994).  Accordingly, a successive postconviction motion "must allege specific facts that, if proved, would constitute a sufficient reason for failing to raise" a claim in a prior postconviction motion or on direct appeal.  *State v. Allen*, 2010 WI 89, ¶91, 328 Wis. 2d 1, 786 N.W.2d 124.  Whether a § 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law that we review de novo.  *State v. Romero-Georgana*, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.

¶11    Here, Murray's postconviction motion did not identify any reason—let alone a sufficient reason—for his failure to raise his *Brady* claim on direct appeal.  For instance, Murray's motion did not allege that he had a sufficient reason for failing to raise his *Brady* claim on direct appeal because the recorded jail phone calls constituted newly discovered evidence.  In any event, we agree with the State that the record does not support a claim that the calls were newly discovered evidence.  As the State notes, the record shows that recordings of the jail phone calls were provided to Murray's revocation attorney during revocation proceedings in a separate case.  The revocation proceedings were completed in January 2016, well before Murray's September 2016 trial in the instant case.  While Murray claims that he has never heard the recordings, he does not dispute that his revocation attorney had copies of the recordings, nor does he allege that he

was unaware of the recordings' existence prior to his conviction in this case. Murray was a party to the calls, and he does not allege he was unaware prior to his conviction that the calls had been recorded. Because the recordings were not discovered after Murray's conviction, they do not qualify as newly discovered evidence. *See State v. McAlister*, 2018 WI 34, ¶31, 380 Wis. 2d 684, 911 N.W.2d 77.

¶12 Murray's postconviction motion also failed to allege that his postconviction/appellate attorney was ineffective by failing to obtain the recordings of the jail phone calls and raise a *Brady* claim on direct appeal. *See Romero-Georgana*, 360 Wis. 2d 522, ¶36 ("In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal."). In his reply brief, Murray asserts—for the first time—that his "[a]ppellate counsel had the responsibility to raise the [*Brady*] issue [on direct appeal] and did not" do so. To the extent Murray means to argue that he had a sufficient reason for failing to raise his *Brady* claim on direct appeal because his postconviction/appellate attorney was constitutionally ineffective, this argument comes too late. Murray was required—but failed—to allege specific facts *in his postconviction motion* to support an ineffective assistance of postconviction/appellate counsel claim. *See Allen*, 328 Wis. 2d 1, ¶91.

¶13 Furthermore, to demonstrate that his postconviction/appellate attorney was ineffective by failing to raise a *Brady* claim on direct appeal, Murray would need to show that the *Brady* claim is clearly stronger than the issues counsel actually raised. *See Romero-Georgana*, 360 Wis. 2d 522, ¶4. Murray has not developed any argument that his *Brady* claim meets the "clearly stronger" standard. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App.

1992) (court of appeals need not address undeveloped arguments). Moreover, the record does not provide any basis to conclude that Murray would be able to make such a showing. To prevail on his **Brady** claim, Murray would need to show, among other things, that the recorded jail phone calls are "favorable" to him. *See State v. Wayerski*, 2019 WI 11, ¶35, 385 Wis. 2d 344, 922 N.W.2d 468. Murray has never asserted that the recordings contain favorable evidence. In fact, when the circuit court asked Murray if he had any evidence that the calls were favorable to his defense, Murray conceded that he did not.[5] On this record, there are no grounds to conclude that Murray's **Brady** claim is clearly stronger than the issues raised on direct appeal.

¶14    Because Murray has not presented a sufficient reason for failing to raise his **Brady** claim on direct appeal, the claim is procedurally barred under WIS. STAT. § 974.06(4) and **Escalona-Naranjo**. We therefore affirm the circuit court's denial of the **Brady** claim.

## II.  Contempt motion

¶15    Murray also argues that the circuit court erred by denying his motion to hold the State in contempt. "We review a circuit court's use of its contempt power for [an] erroneous exercise of discretion." **Monicken v. Monicken**, 226 Wis. 2d 119, 124, 593 N.W.2d 509 (Ct. App. 1999). We will uphold the court's discretionary decision as long as the court examined the relevant facts, applied a proper standard of law, and used a demonstrated rational process to reach a

---

[5] Murray claims that he has no way of knowing whether the calls contain favorable evidence because he does not have access to the recordings. As the State aptly notes, however, "[t]he jail calls that Murray wants are *his* jail calls …. If anyone would know if any of his jail calls included evidence favorable to his defense, Murray would."

reasonable conclusion. *LeMere v. LeMere*, 2003 WI 67, ¶13, 262 Wis. 2d 426, 663 N.W.2d 789. When reviewing a discretionary decision, we accept the court's factual findings unless they are clearly erroneous, but we review any questions of law independently. *Monicken*, 226 Wis. 2d at 125.

¶16 "A person may be held in contempt if he or she refuses to comply with an order made by a competent court." *Id.* Here, the order in question required the State to duplicate all of the recorded phone calls in its files and provide them to Murray. In response to that order, the State provided Murray with a disk containing eight recorded phone calls—the same calls that had previously been provided to Murray's trial attorney and introduced into evidence at trial. As discussed above, Murray sought to hold the State in contempt, asserting that the district attorney's office actually had "hundreds" of recorded phone calls in its possession. In support of that claim, Murray stated that during his revocation hearing in a separate case, his probation agent had testified that she received recordings of "hundreds" of his jail phone calls from the district attorney's office.

¶17 In response to Murray's contempt motion, the prosecutor informed the circuit court by letter that her office had performed "an exhaustive search" and confirmed that it "did not have any calls of the Defendant in [its] possession other than the 'eight calls' the State ALREADY turned over several times to the Defendant and his counsel." The prosecutor further stated that she had spoken with Murray's probation agent and determined that the agent obtained recordings of Murray's phone calls directly from the jail, not from the district attorney's office.

¶18 The prosecutor also provided the circuit court with an October 2015 email exchange between Murray's probation agent and a lieutenant from the

8

Jail Division of the Brown County Sheriff's Office. In the emails, Murray's agent asked the lieutenant to provide "phone calls between Mr. Murray and his victim," and the lieutenant responded that CDs containing those calls would be ready the following morning. During the hearing on Murray's postconviction motion and contempt motion, Murray's probation agent confirmed that she had received recordings of the phone calls directly from the jail and had not received any recordings from the district attorney's office.

¶19    On this record, the circuit court concluded that the State had not committed a "contemptible action"—that is, the State did not violate the court's order requiring it to produce copies of the recordings in its files—because the State had given Murray all of the recordings in its possession. Stated differently, the court reasoned that the State could not be held in contempt "for failing to turn over materials that [it] did not have." The court's finding that the State had given Murray all of the recordings in its possession is supported by the evidence summarized above and is not clearly erroneous. Based on that finding, the court reasonably determined that the State had not committed a contemptible action. As such, the court did not erroneously exercise its discretion by failing to hold the State in contempt.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.